## C. H. CROW ET AL. v. BEN FAILS ET AL.

### Decided November 2, 1909.

**1.—School District—Formation—Change.**

When a majority of the citizens residing in a certain territory in a school community county petition the Commissioners' Court of said county in the manner prescribed by law to organize said territory into a school district, and the said court, after hearing evidence, grants the petition and orders that the territory described in the petition be created into a common school district with the name, metes and bounds as prayed for in the petition, such action on the part of the court constitutes said territory a common school district, with all the privileges appertaining to such districts; and the boundaries of the same can not be changed without the consent of a majority of the legal voters in all districts affected by the change.

**2.—Same—Mandamus—Pleading.**

In a petition for mandamus to compel the members of a Commissioners' Court and the superintendent of public instruction to recognize a certain territory as a school district, and to require said officers to perform the duties prescribed by law appertaining to said district, an averment that said district was legally formed, and that a proposed change in the boundaries of the same was without authority and void, was sufficient, in the absence of an exception, to admit proof of any fact or facts that rendered void the action of the Commissioners' Court in changing the boundaries of the district; as, for instance, that the change was made without the consent of a majority of the voters in the district.

**3.—Same—Ministerial Duties.**

When a school district has been legally established, the duty resting upon the Commissioners' Court and the superintendent of public instruction to recognize it and accord to it all the rights and privileges of a school district, involves no judicial discretion, but is plainly ministerial, and mandamus will lie to compel the performance of the official duty.

**4.—Same—Attempted Ratification—Evidence.**

The acts of the patrons in an illegal school district, in electing or appointing school trustees, employing a teacher, and conducting a school therein, will not validate the unlawful act of the Commissioners' Court in establishing the boundaries of the school district, and testimony to prove such acts on the part of the patrons and trustees is properly excluded as irrelevant and immaterial.

**5.—Mandamus—Judgment—Ministerial Duties.**

When the duties of an office are prescribed by law and are purely ministerial, it is not necessary that the judgment of the court granting a petition for mandamus should specify the duties to be performed and expressly direct the officers to perform the same.

**6.—Same.**

The issue made by the pleading being whether or not an election for school trustees was legally held, a judgment which declares vacancies to exist in the trusteeships and directs that the vacancies be filled, in effect declares that the election was illegal.

**7.—Same—Judgment—Construction.**

A judgment against individuals, naming them, as county judge and county

commissioners, "composing the Commissioners' Court" is a judgment against the court and not against the persons in their individual capacity.

Appeal from the District Court of Trinity County. Tried below before Hon. S. W. Dean.

*C. H. Crow* and *J. P. Stevenson,* for appellants.—The trial court erred in overruling respondents' exceptions to relators' petition, because said petition shows on its face that relators were attempting to use the powers of the court to force these respondents, the county judge, the county commissioners, and constituting the County Commissioners' Court of Trinity County, Texas, to perform acts that involved the exercise of judicial and official discretion, and did not ask for an order requiring defendants to perform any ministerial act.

As to judicial discretion: Sansom v. Mercer, 68 Texas, 488; Ewing v. Cohen, 63 Texas, 482; Bledsoe v. International & G. N. R. Co., 40 Texas, 537; State v. Morris, 86 Texas, 226; Puckett v. White, 22 Texas, 563; Durrett v. Crosby, 28 Texas, 694; Luckey v. Short, 1 Texas Civ. App., 5; Continental Natl. Bank v. Weems, 69 Texas, 492.

On collateral attack of judgments: Willis v. Ferguson, 46 Texas, 496; Bogges v. Howard, 40 Texas, 153; Thouvenin v. Rodrigues, 24 Texas, 468; Campbell v. Upson, 81 S. W., 358; Houston & T. C. R. Co. v. DeBerry, 34 Texas Civ. App., 180; Carson v. Taylor, 19 Texas Civ. App., 177; Matlock v. Smith, 96 Texas, 211.

All the facts and testimony in a case that will aid the court in arriving at a just and correct judgment should be heard and considered by the court. The excluded evidence of Watson and others showed that those school patrons who lived within the boundaries of the district after it was changed by the County Commissioners' Court at its May term, 1907, had trustees appointed by the county superintendent, J. W. Bright, two of said trustees residing within the limits of the old district, and the other one living within the limits of the territory that was added, and said trustees so appointed, accepted their appointments, qualified as such, and employed a teacher and had a school taught in the new district during the past scholastic year, 1907-08, a very large majority of the school patrons residing in the old district patronizing said school, and thus ratifying and confirming the acts of the court in creating the new district. Cason v. Connor, 83 Texas, 30; Wells v. Yarbrough, 84 Texas, 660; Andrews v. Key, 77 Texas, 39; Shipman v. Mitchell, 64 Texas, 176.

The trial court erred in rendering judgment for relators granting a permanent writ of mandamus in this cause, because the facts and evidence in this cause show, as does also the finding of facts of the trial judge, that they are estopped by their own acts from asking the relief prayed for, they having acted with others in the new district, or the district as it was by order of the County Commissioners' Court remodeled, reformed and changed at the May term of said Commissioners' Court, 1907, in establishing and. having taught a public free school in said new district during the past scholastic year, and said relators patronized said school, two of them acting as ·trus-

tees of said new district, to wit: W. T. Warren and T. J. Dubose. Mutual Ben. L. Ins. Co. v. Collin County Bank, 17 Texas Civ. App., 477; Hanover F. Ins. Co. v. Shrader, 11 Texas Civ. App., 255; Brown v. McConnell, 56 Texas, 229; Houston & T. C. R. Co. v. Chandler, 51 Texas, 416; Current Law, vol. 5, p. 1298; Current Law, vol. 9, p. 1227; Vanfleet on Collateral Attack, p. 929, sec. 864.

A County Commissioners' Court, sitting in matters pertaining to public schools, being a court of general jurisdiction, within the limits prescribed by law, a judgment rendered by it, within its jurisdiction, is not subject to collateral attack. 1 Black on Judgments, sec. 244; Dutton v. Wright & Vaughn, 38 Texas Civ. App., 372; State v. Rigsby, 17 Texas Civ. App., 171; Hill v. Grant, 44 S. W., 1016; Weems v. Masterson, 80 Texas, 45; Bouldin v. Miller, 87 Texas, 359; Lyne v. Sanford, 82 Texas, 58; Bourgeois v. Mills, 60 Texas, 76; Franks v. Chapman, 60 Texas, 46; Heath, Admr., v. Layne, 62 Texas, 686.

Said judgment is erroneous, in this: It fails to respond to the pleadings of relators in this cause and to their prayer for relief, because in the prayer for relief of relators they pray the court that respondents be required to canvass the returns and declare the result of an election they claim in their said petition for three school trustees for said district No. 40; and in the event that the court should find that no election for trustees was legally held, to declare a vacancy in said board of trustees, and require the county superintendent to fill said vacancy, and the judgment of the court is entirely silent on this question, and makes no mention of the fact whether or not an election was held for the election of trustees in district No. 40. Hall v. Jackson, 3 Texas, 305; Texas & P. R. Co. v. Logan, 3 App. Cases Civ., 227; Weaver v. Vandervanter, 84 Texas, 693; Cooper v. Conerty, 83 Texas, 135; Cundiff v. Campbell, 40 Texas, 142; Boles v. Linthicum, 48 Texas, 221; Adams v. Cook, 53 Texas, 166.

*Kenley & Minton,* for appellee.—The acts which the county judge, county commissioners and county superintendent of public instruction were asked to perform were strictly ministerial and no discretion is given them by law. Sections 203, 106, 123, 57, of School Laws of 1907; Barrett v. Coleman, 12 Texas Civ. App., 663; Sansom v. Mercer, 68 Texas, 488.

An order creating a new out of, or including part of, an old district is more of a legislative or ministerial act than judicial, and may be attacked at any time, if erroneous. Section 106, School Laws of 1907; Barrett v. Coleman, 12 Texas Civ. App., 663; Whitemire v. State, 47 S. W., 293.

The act of creating a common school district in a community county by a Commissioners' Court is legislative in nature and is in no way affected by the acts of individual patrons within its limits sending their children to a school outside its limits. Barrett v. Coleman, 12 Texas Civ. App., 663.

McMEANS, ASSOCIATE JUSTICE.—Suit by Ben Fails and others for mandamus against C. H. Crow, county judge of Trinity County,

W. L. Avery, J. L. Manry, A. F. Reese and B. F. Richardson, county commissioners composing the Commissioners' Court of Trinity County, and J. W. Bright, county superintendent of public instruction of said county, to compel the said judge and commissioners and said Commissioners' Court to recognize the school district created by order passed by said court on February 15, 1907, and to require said court to canvass the returns and declare the result of an election for school trustees held in said district on the first Saturday in April, 1908, and to require the said Bright, as such superintendent, to appoint a census trustee for said district, and in the event that it should be held that no election for trustees had been legally held, to declare a vacancy in the board of trustees and require said superintendent to fill such vacancy.

Appellees alleged in their petition that the community school system has been in continuous operation in Trinity County; that on February 15, 1907, at a regular term of the Commissioners' Court of Trinity County, the said court, on the petition of Ben Fails and sixteen other qualified voters, created by its order No. 40 a common school district, the said petitioners constituting a majority of the qualified voters of said district; that thereafter, on the 13th day of May, 1907, the said Commissioners' Court, upon petition, attempted to create, by its order No. 8, a district a large portion of which is included within the bounds of the one previously created by its order No. 40; that the first district created by order No. 40 is a valid district, and the attempt to create another district, including a large part of the territory of the district first created, is without authority of law and void, and that the district first created is entitled to all the rights and privileges of a legally created district; that there is only one trustee of the district first created, and that said district is entitled to two other trustees; that on April 4, 1908, a valid election was held in the district first created, for the election of two trustees, and that two trustees were elected at said election and that the election returns were made to C. H. Crow, county judge, as required by law, and that said Commissioners' Court refused to canvass said returns; that it is the duty of J. W. Bright, superintendent of public instruction for Trinity County, to appoint one of the trustees of said district, or some other suitable person, to take the census of persons within the scholastic age in said district, and that no such appointment had been made and that the census had not been taken. They prayed for judgment, requiring said Commissioners' Court to recognize the district created by order No. 40 as a valid and subsisting district; to canvass the returns of election held therein for school trustees, and to declare the result, and requiring the county superintendent to recognize said district as one legally created and subsisting, and to appoint a census trustee therefor; and that in the event the court should find that the election for school trustees was not legally held, that it declare a vacancy in the board of trustees, and to require the county superintendent to fill such vacancy.

The respondents, in their answer and amended answer, presented general and special exceptions to the relators' petition, all of which

were overruled, and pleaded a general denial; and in their trial amendment alleged the names of school patrons living in the district created by order No. 40, and also of the patrons living in the territory sought to be created by order No. 8; admitted that a portion of the district created by order No. 40, one and a half by four miles in extent, was omitted from the district attempted to be created by order No. 8; but alleged that in the portion so omitted there were but two school patrons, and that they desired to be attached to another school district, and further pleaded that the district formed by order No. 8 would be more convenient for all school patrons of that neigborhood, and that a large majority living within the district created by order No. 8 are anxious to have said district remain as it is.

The case was tried by the court without a jury, and judgment was rendered in favor of the relators, adjudging that the district created by order No. 40 is a legal, valid and subsisting common school district and has been since its creation, and requiring the county judge and the several county commissioners, composing the Commissioners' Court of Trinity County, and the said Bright, as county superintendent of public instruction, to recognize the said district as valid and subsisting; and further requiring the said Bright as such superintendent to appoint two school trustees for said district to fill the existing vacancies.

The trial court filed his findings of fact and conclusions of law, which are as follows:

"1. During all of the year A. D. 1907, and up to the time of the trial, C. H. Crow was county judge of Trinity County, Texas; W. L. Avery, com. prec. No. 1; J. L. Manry, com. prec. No. 2; A. F. Reese, com. prec. No. 3; B. F. Richardson, com. prec. No. 4; and J. W. Bright, county superintendent.

"2. The community system of schools was in effect in Trinity County during 1907 and at the time of the trial.

"3. On February 13, 1907, Ben Fails and sixteen others, all qualified voters, residents therein, filed their petition asking for a common school district to be established by the Commissioners' Court with the metes and bounds as set out therein and constituting the district as claimed by relators to be the true district. The signers to said petition constituted a majority of the legal voters in said district, or territory proposed to be made a district.

"4. At the February term, 1907, of the Commissioners' Court of said county, the court, after examining said petition and the evidence in support of same, established the district as prayed for.

"5. After the establishment of the district the court were informed that there would be dissatisfaction with the district as formed, and at the May term accepted a petition and established a district with a part of the territory formerly included and a large scope of territory not formerly included in the district.

"6. Before making the change as made at the May term of the court, there was no effort made to determine whether a majority or any part of the legal voters in the district as formerly established would consent to the change, but the court were informed and be-

lieved that they were not willing to have the change made and would not consent to such change.

"7.  A majority of the legal voters in the district formed at the May term of the court signed the petition for such district and consented thereto, but those in the district as formerly constituted did not sign and were not asked to sign the same.

"8.  The district as formed at the May term of the court embraced a larger number of children within the scholastic age, and the school as located accommodates a larger number of children than as located in the former order it could have accommodated, but there are a number of the children in the old district who can not attend the new on account of the distance and inconvenience.

"9.  No school has ever been taught in the district as first established, but school was taught in the new district during the past school year.

"10.  The Commissioners' Court, the county judge and the county superintendent recognized the new district and refuse to recognize the old, and no election was ordered for trustees therein and no election of trustees canvassed nor recognized.  The county superintendent refuses to appoint trustees for the old district."

"*Conclusions of Law.*—A majority of the legal voters in the district as established at the February term, A. D. 1907, did not consent to the change in the district, and the change is therefore void."

It does not appear that the court's findings of fact were excepted to, and there is no assignment of error attacking any finding of such fact.

By their first assignment of error appellants complain of the refusal of the court to sustain their exceptions to the appellees' petition, the complaint being that the petition shows on its face that appellees were attempting to use the powers of the court to force appellants to perform acts that involved the exercise of judicial and official discretion, and did not ask for an order requiring them to perform any ministerial act.

We are of the opinion that the assignment is without merit.  It was charged in the petition that the community school system prevailed in Trinity County during the year 1907 and at the time of the trial; that appellee Fails and sixteen others, constituting a majority of the qualified voters of a certain district, not less than sixteen square miles in extent, petitioned the Commissioners' Court to grant them a common school district within the bounds set out in their petition, and that said court granted the petition and created the district as prayed for; that the district thus created was subsisting and the order creating it valid; that subsequently said court attempted to create another district, embracing a large part of the territory of the district first created, and that this action of the court was without warrant of law and void.  It was further alleged that an election for school trustees had been held in the district first created and that returns thereof had been made to the county judge, but that the Commissioners' Court refused to canvass the returns or to declare the result.  Under these allegations the

relators prayed that the Commissioners' Court be compelled to recognize as valid the district first created, and to canvass the returns and declare the result of the election therein held for school trustees, and that the county superintendent be required to recognize said district as legally created and subsisting, and to appoint a census trustee, etc.

Article 3993c, Revised Statutes, provides: "The citizens of any community or territory embraced in any community county may organize a school district in said community or section of territory in the following manner: A petition, asking for the organization of said district and giving the metes and bounds of the proposed district, shall be presented to the Commissioners' Court and signed by a majority of the qualified voters of the proposed district; it shall adopt and enter on its record an order organizing said district, upon which said district shall acquire and become entitled to all the privileges of districts in district counties, and the schools shall be conducted in the same manner; the intention of this article being to permit subdivisions of community counties to adopt the district system when the whole county does not wish to adopt it," etc. Now, it is clear from the petition that a majority of the citizens residing in a certain territory of Trinity County, the metes and bounds of which were given in their application and which application was attached to the relators' petition and made a part thereof, petitioned the Commissioners' Court to organize said territory into a school district, having all the rights and privileges of school districts in district counties, and that the said court, as it appears from a certified copy of its order, which is also attached to relators' petition and made a part thereof, after hearing evidence in support of the application, granted the same and ordered that the territory described in the application be created into a common school district "with the name, metes and bounds as prayed for in said petition." Upon this action of the Commissioners' Court the district became a common school district and entitled to all the privileges of districts in district counties.

Article 3938, Revised Statutes, prescribing the method of establishing school districts in district counties, contains the following proviso: "Provided, that when districts are once established they shall not be changed without the consent of a majority of the legal voters in all districts affected by such change."

Now, while it is true that relators did not charge in their petition in terms that the change attempted to be made by order No. 8 was not with the consent of a majority of the legal voters of the district created by order No. 40, it is alleged that the first district was legally formed and that the proposed second district changed the first, and that such change was without authority of law and void. This allegation was not excepted to, and under it appellees were entitled to show any fact or facts that rendered void the act of the Commissioners' Court in changing the district first formed.

The first district then, according to the allegations of the petition, which for the purpose of the exception must be taken as true, hav-

ing been legally established, and the act of said court in changing it being void, the plain duty rested upon the Commissioners' Court to recognize the district as a common school district and to accord to it all the rights and privileges of a district in district counties, and such recognition and the according of such rights and privileges involved no judicial discretion, but were plainly ministerial. (Sansom v. Mercer, 68 Texas, 488; Barrett v. Coleman, 12 Texas Civ. App., 663; Whitmire v. State, 47 S. W., 293.)

What we have said applies also to the county superintendent of public instruction in regard to the duties which it was sought in the petition to have him perform. Section 89, Acts Twenty-ninth Legislature, p. 285. It follows, therefore, that the assignment is not well taken and is, with the several propositions thereunder, overruled.

What we have said in disposing of the first assignment of error disposes also of the second.

The matters which appellants sought to prove by the testimony of the witnesses, Watson, White, Lee, Crow and Bright, were not admissible over the objection offered, and the court did not err in excluding their testimony. The assignments raising the points are overruled.

Appellants complain that the court in its judgment failed to direct the appellants to perform any act or duty ministerial in its nature, but merely orders the Commissioners' Court to recognize the district created by order No. 40 as a legal and subsisting district. The duties of the Commissioners' Court and county superintendent in relation to legally constituted school districts are fixed by law. Hence, when the court decreed that the district has been legally formed, the law stepped in and directed these officers what they should do in the discharge of their duties; and as such duties are ministerial, it was not necessary for the court to direct them in its decree to perform the duties the law imposed upon them. If there was error in the matter complained of it certainly was not one of which the appellants are entitled to complain. The assignment raising the point is overruled.

Nor is there any error pointed out in the eighteenth assignment, which complains that the judgment fails to respond to the pleadings of the relators, in that they prayed the Commissioners' Court be required to canvass the returns of election held for school trustees in district No. 40 and declare the result, and in the event that the court should find that no election for trustees was legally held, to declare a vacancy in said board of trustees and require the county superintendent to fill said vacancy, and that the judgment is entirely silent on this question and makes no mention of the fact whether or not an election was held for the election of school trustees in district No. 40. While the judgment did not in terms declare that the election for trustees was not legally held, it did this in effect by declaring vacancies to exist and directing the county superintendent to fill such vacancies. The assignment points out no error, or at least not one that is prejudicial to appellants, and is overruled.

The judgment was rendered against Crow, Avery, Manry, Reese and Richardson, not as individuals, as complained in appellants' first

supplemental assignment of error, but as county judge and county commissioners "composing the Commissioners' Court of Trinity County, Texas." This was proper.

To treat of all the assignments presented by appellants for a reversal of the judgment of the court below would extend this opinion to an unreasonable length. We have, however, examined all the assignments and conclude that no reversible error is shown in any of them.

We are of the opinion that the judgment of the court below should be affirmed, and it is so ordered.

*Affirmed.*