<strong>LE BARON</strong><br><em>v.</em><br><strong>DUPONT.</strong>

---

## WATTS, TEMPLETON et al. *v.* THE POLICE JURY OF CARROLL.

Inhabitants of a parish who are put to great trouble, inconvenience and injury in reaching the court-house, have such an interest in the erection of a new one in a proper place, as provided by law, as to authorize a mandamus to compel the Police Jury to proceed to the construction of the new court-house.

The vote of the Police Jury, refusing to make an appropriation for the building of a court-house, and their inaction with regard to the levy of a tax for many months after the parish site had been selected and reported by the Commissioners, were in violation of the command of the sixth section of the Act of 4th March, 1853; and a mandamus was the suitable remedy. C. P. 844.

Although the parish had no title to the site for the court-house reported by the Commissioners, they could have acquired title by a forced expropriation upon a previous indemnity to the owners. Code 2604 *et seq.*

A PPEAL from the District Court, Tenth District, Parish of Carroll, *Snyder*, J. *Short & Parham*, for plaintiffs. *Caldwell* and *Stacy & Sparrow*, for defendants and appellants.

SPOFFORD, J. The question here is, whether the District Court erred in issuing a peremptory mandamus to the defendants, commanding them to proceed to assess and cause to be collected, a special tax, to defray the expense of a new court-house and other public buildings for the parish, as located by the Report of the Commissioners, and to cause the said buildings to be erected as required by the Act of 4th March, 1853. Sess. Acts, p. 12.

It is objected that the relators disclosed no such interest in the question as would authorize them to sue out a mandamus. They allege, and the petition is sworn to, that they live in the parish, near the Bayou Maçon, and are put to great trouble, inconvenience and injury, in being compelled to go so far from the centre of the parish as the town of Providence, for the purpose of attending court—an evil which the Legislature intended to remedy by the act aforesaid. If it were necessary for them to allege any further interest than that which all citizens of the parish had, that the law relative to the public buildings of the

WATTS
v.
CARROLL PARISH.

parish should be executed, the allegations of the petition are certainly sufficient, and no such special issue was made upon them as to require further proof than the relators' affidavit.

Again: it is said that the election relative to the new parish site was null, because the clerk did not count the ballots cast for and against removal, but merely made a calculation from the returns of the different election precincts. The count appears to have been made in conformity with the requirements of the second section of the Act of March 4th, 1853, ordering the special election; and there is no allegation that the result was not correctly announced.

It is next contended that the Police Jury had not refused to assess and cause to be collected the tax, and that a discretion was vested in them as to the time and mode of doing it, with which the court could not interfere. Their vote refusing to make an appropriation for the building of a court-house, and their inaction with regard to the levy of a tax for many months after the parish site had been selected and reported by the Commissioners, were in violation of the command of the sixth section of the Act aforesaid, and a mandamus was the suitable remedy. (C. P. 844.) Whatever discretion was left to the Police Jury as to the mode of assessing the tax, it was not discretionary with them to omit it altogether.

Finally, it is urged that a parish site had not been selected by the Commissioners, and that the parish owned no land at the spot indicated by their Report, so that the demand for the levy of a tax was premature. The Report of the Commissioners ascertained with reasonable clearness the site they had chosen; and although a title had not been acquired by the parish, the Commissioners reported that the adjoining proprietors were ready to give the land. If they had not so reported, still there was a mode prescribed by law for the forced expropriation of such land as was found necessary for the public use, upon a previous indemnity being paid to the owners. (C. C. 2604 et seq.) To provide means for paying this indemnity, as well as for erecting the public buildings, a special tax was necessary.

We do not think the judgment was erroneous in any of the particulars pointed out by the appellant.

Judgment affirmed, with costs.