Gaines, Associate Justice.
The territorial limits of the city of Alvarado, in Johnson county, are more than a mile in diameter. Appellees and some eighty other persons claiming to be qualified voters of so much of the territory of the city as lies outside of a circle described from its center by a radius of the length of half a mile, in accordance with the act of the Legislature, approved April 14, 1883, presented to appellant as mayor of the corporation a petition that so much of the corporate limits as was not embraced in such circle be declared no longer a part of such city, and that he order an election for that purpose.
,The mayor having refused, appellees brought this suit to compel him; upon the final hearing the peremptory writ of mandamus was awarded, and he has appealed to this court.
It is assigned, first, that the court erred in overruling the exceptions to the petition; and it is now insisted that the act which appellant was called upon to perform involved discretion and judgment on his part, and that, therefore, the writ of mandaimus does not lie to compel him. The petition for the writ alleges *494 that eighty-one persons signed the original application to the mayor to order the election, and that they were qualified voters of the territory sought to be excluded. It also averred that appellant, “without any legal excuse, and without giving any reasons for his action, refused and failed to order said election.”
It is well settled that if the duty an officer is called upon to perform requires the exercise of an act of judgment on his part, his decision is not subject to be revised by a proceeding for a writ of mandamus. (Ewing v. Cohen, 63 Texas, 483; Bledsoe v. International Railroad Company, 40 Texas, 554; Arberry v. Bea. vers, 6 Texas, 457; Comr. v. Smith, 5 Texas, 471; Cullem v. Latimer, 4 Texas, 329.) And it is apparent that in a proceeding to procure an order for an election under the statute before cited, the mayor is required to determine two facts in order to justify him in making the order for the election: First, that there is a surplus of territory over the limit prescribed by the statute; and, second, that at least fifty qualified voters of that territory have "signed the petition. If there be any controversy as to the existence of these facts his function is discretionary and- he can not he compelled to order the-election. But taking the facts of the petition to be true, as the demurrer admits, the surplus territory exists, and more than the requisite number of voters have signed the application. In such a case the discretion of the mayor ceases. The act to be done is purely ministerial. His duty becomes absolute, and he can be compelled to perform it.
The fact that preliminary to his action he must know that there is an excess of territory beyond the statutory requirements, and that the requisite number of voters have signed the petition does not invest him with the discretion to refuse to order the election, when, as a matter of fact, there is no controversy as to the excess, or as to the number and qualification of the signers-The cases relied upon by appellant do not support the contrary doctrine. We will briefly discuss the two decisions which we think most nearly in point. In Arberry v. Beavers, 6 Texas, 457, the writ was sued out for the purpose of compelling the chief' justice of Cass county to count the returns from certain precincts of a special election held in order to determine the location of a county seat. This statement is of itself sufficient to show that the case cited differs materially from this. The chief justice Was charged with the duty, under the law, of passing upon the Validity and regularity of the returns. Judge Wheeler, who delivered the opinion, evidently thought that this was a judicial *495 function, and that when the officer had once canvassed the vote and announced the result, his decision was final. But the opinion shows that he was expressing merely his individual views upon the question, and that the case was reversed and dismissed upon the ground that the petition was insufficient because it did not appear that the complainants were legal voters in the county, and it was not averred distinctly and specifically that the returns they sought to have counted were made in conformity to law.
Chief Justice Hemphill, in an able opinion, dissented from, the views of Judge Wheeler upon the main question, but acquiesced in the disposition of the cause on account of the insufficiency of the pleading. The case of The State v. The Commissioners, 8 Nevada, 309, is similar in most respects to the case before us; but there, before the petition was considered, a large number of the signers had requested their names to be withdrawn, and the return of the commissioners showed that they considered the application and determined that it did not contain the number of signatures required by the law. It is evident that the refusal of the writ in that case can not be deemed a precedent for a refusal in the case before us. On the other hand, the case of Gibbs v. Bartlett, 63 California, 117, is directly in point and supports our views. It is to be not-ed that, though the Supreme Court of that State sits in two departments, the decision is by the court in bank, and with the concurrence of the full bench.
Under his sixth assignment of error appellant urges that the law of 1883 is invalid, because it does not direct the manner in which the special election shall be held. But the enactment is made a part of title 17 of the Revised Statutes, and we think it is reasonable to presume that the legislature intended that the election should be held as other elections which are provided for in that title. (See arts. 345, 352, et seq.)
It is also urged that appellees, in their petition, showed no such interest in the ordering of the election as would authorize them to sue out a writ of mandamus, and in support of the proposition we are cited to the cases of Turner v. The Commissioners, 10 Kansas, 16, and Bobbett v. The State, Id., 11. But the former case simply decided that a mere voter and freeholder in a township has not a sufficient interest to sustain a mandamus to compel the county board to order an election in such township upon the question of issuing bonds. So the latter holds that the citizens of a county merely as such, have no such interest in the question as will authorize them .to bring a suit to compel the *496 commissioners to order an election for the removal of a county seat. This court has once announced virtually the same doctrine. (Harrell v. Lynch, 65 Texas, 146.) But here we have a different question. The appellees are alleged to be qualified voters in the territory sought to be excluded. Consequently they are males over twenty-one years old, and as such are subject to pay a poll tax to the municipality. (Rev. Stats., art. 428.) This gives them a direct personal interest in having the territory in which they live, excluded from the corporate limits. They are doubtless subject to other burdens and restrictions from which they would be relieved by a removal of the city limits, but these are not made to appear by the allegations of the petition.
We think the averments of the petition for the writ show that it became the duty of the appellant to order the election, and that his refusal to do so was not because of any doubt as to the sufficiency of the application, but was arbitrary. They very clearly negative the idea that any lawful excuse existed, and must be deemed sufficient under the most rigid rule laid down by the authorities as to the certainty of pleading in suits of this character. (Cullem v. Latimer, 4 Texas, 331; Railroad Company v. Randolph, 24 Texas 317; High on Extraordinary Legal Remedies, sec. 449, et seq.) We conclude that the court did not err in overruling the demurrer and special exceptions to the petition. But it is also assigned that the court erred in giving judgment for the plaintiff upon the pleadings without hearing evidence. The respondent had filed a general denial and what purported to be a special answer, which was verified by affidavit. The first question presented is: Can a general denial be deemed a proper pleading in a mandamus proceeding under our laws. Our courts have held that such a suit is not to be conducted strictly according to the ancient procedure of the common law, but that at the same time the rules of practice for ordinary actions do not apply. The substantial procedure at common law, so far as it is compatible with our system, has therefore been recognized and adopted in mandamus cases; and it is said, in Fitzhugh v. Custer, 4 Texas, 391, that “the rules of pleading in cases of mandamus are judicious, and should be enforced when not incompatible with statutory regulations.” (See also Cullem v. Latimer, supra.) At common law the respondent could not plead a general denial— he was required to plead specially by distinct traverse of the allegations of the writ, or by way of confession and avoidance.
*497 Opinion delivered June 14, 1887.
(The People v. Salomon, 46 Ill., 333; Commonwealth v. The Commissioners, 37 Penn. St., 237; Commonwealth v. Commissioners, Id., 277; Bacon’s Abridgment, Mandamus, 1.) Such being the rule of pleading in these cases, the court below did not err in treating the general denial as a nullity.
Respondent’s special answer was also insufficient. The plaintiffs should have demurred, and upon demurrer it should have been stricken out. It sets up no fact which constitutes any legal excuse for his failure to order the election. It does not deny that the petition was presented with the signatures of the eighty-one voters, as alleged in plaintiff’s petition, or that the excess of territory exists as therein averred, but merely states that he rejected the application upon full consideration and upon advice of counsel. . He does not say that there was any question as to the requisite number of qualified signers, or of any doubt as to the surplus territory. This is carefully evaded, and it must be presumed that there was no difficulty as to these facts.
The meaning of the answer is that because a case may be presented under the statute, which would call for an exercise of judgment on the part of the mayor, the respondent can not be compelled by mandamus. It is held, and we think correctly, that such an answer may be treated as a nullity with or or without a demurrer. (The People v. Solomon, supra; The People v. Miner, 46 Ill., 384. See also, Pennsylvania cases cited above.) The pleadings of respondent being virtually no answer to the petition, the court did not err in rendering judgment against him without proof. He was in court without an answer, and a judgment, we think, was proper.
We find no error in the judgment, and it is affirmed.

Affirmed.