### G. S. KIMBERLY ET AL. v. J. M. MORRIS ET AL.

#### No. 277.

1. **Local Option Election—Mandamus.**

Under the Revised Statutes, article 3227, as amended by the Act of March 29, 1893 (Acts 1893, page 48), where the requisite number of qualified voters of a county have petitioned the County Commissioners Court to order an election to determine whether the sale of intoxicating liquors shall be prohibited in such county, there being no issue of fact, and it clearly being the duty of the Commissioners Court to issue the order for such election, and they refusing to do so, the petitioners, or part of them, have such an interest as will authorize them to sue out a writ of mandamus in the District Court to compel such commissioners to issue the order of election; and it is not necessary that such proceeding be instituted in the name of the State..... 638

2. **Mandamus.**

Private persons may move for a mandamus to enforce a public duty not due to the government as such without the intervention of the government law officer. The private relator is the real party, and the proceedings may proceed in his name .................................................. 639

QUESTIONS CERTIFIED from Court of Civil Appeals for Fifth District, in an appeal from Hopkins County.

Questions submitted: Under the Revised Statutes, article 3227, as amended by the Act of the Legislature approved March 29, 1893 (Acts 1893, page 48), where the requisite number of qualified voters of a county have petitioned the County Commissioners Court to order an election to determine whether or not the sale of intoxicating liquors shall be prohibited in such county, in a case where there is no contested or doubtful issue of fact, and where it is clearly the duty of the Commissioners Court under the law to issue the order for such election, and they refuse to do so, have such petitioners, as qualified voters of such county, such an interest as will authorize them to sue out a writ of mandamus in the District Court to compel such County Commissioners Court to issue the order of election?

If so, is it necessary for them to bring such suit in the name of the State by them, as relators?

*Frank E. Scott*, for appellants.—If the duty of a Commissioners Court is prescribed by law, and there is no issue of fact for them to pass upon, then their action is mandatory. And there being no issue of fact for them to pass upon in this case, their action was not a judicial one, and required no exercise of judgment, and the manner in which they should discharge this duty being directed by law, and this statute being a mandatory one, a mandamus will lie to compel said Commissioners Court to order said election. Rev. Stats., art. 1123; Acts 23rd Leg., p. 48; Sayles' Civ. Stats., art. 3227; Railway v. Locke, 63 Texas,

623; Teat et al. v. McGaughey et al., 85 Texas, 478; Gaal v. Townsend et al., 77 Texas, 464; Kuechler v. Wright, 40 Texas, 600; 1 Ct. App. C. C., 528; County of Caldwell v. Harbert et al., 63 Texas, 321; Porter v. The State, 78 Texas, 591; 14 Am. and Eng. Encyc. of Law, pp. 203, 218.

*Templeton & Crosby,* for appellees.—1. The act of the Commissioners Court in refusing to order the election was a judicial act requiring the exercise of judgment, of which the court has jurisdiction, and the action of the court can not be revised by mandamus.    Arberry v. Beavers, 6 Texas, 457; Ewing v. Cohen, 63 Texas, 483; Samson v. Mercer, 68 Texas, 488.

2. The act of the Commissioners Court in refusing to order the election was a political act, from which there is no appeal, and which can not be revised by mandamus.    Harrell v. Lynch, 65 Texas, 146; Georgia v. Stanton, 6 Wall. 50· Ex Parte Towles, 48 Texas, 422; Merrill on Mand., sec. 61.

GAINES, CHIEF JUSTICE.—The statute referred to in the question certified makes it the duty of the Commissioners Court of a county to order an election upon the petition of 250 voters of the county.    It confers upon the voters so petitioning a clear legal right to have the election ordered; and if the court upon its refusal to make the order can not be compelled by mandamus, it leaves them without a remedy for the enforcement of the right.    It is a matter in which, from its nature, the petitioners can not have a pecuniary interest; but since the law expressly confers the right to demand the election, it can not be said that it does not recognize in them an interest for the enforcement. It was not contemplated, as we think, that they should be left without a remedy, or with a remedy dependent solely upon the will of the State's official attorney.

After stating that it is clear that in England a writ of mandamus to compel the performance of a public duty may be issued at the instance of a private relator, the Supreme Court of the United States say: "There is, we think, a decided preponderance of American authority in favor of the doctrine that private persons may move for a mandamus to enforce a public duty not due to the government as such, without the intervention of the government law officer."    Strong, J., in Railway v. Hall, 91 U. S., 343, citing People v. Collins, 19 Wend., 56; Pike County v. The State, 11 Ill., 202; Ottawa v. The People, 48 Ill., 233; Hamilton v. The State, 3 Ind., 452; The People v. Halsey, 37 N. Y., 344; Iowa v. Judge, 7 Iowa, 186; The State v. Rahway, 33 N. J. L., 110; Watts v. Police Jury, 11 La. Ann., 141; 2 Dill. Mun. Corp., sec. 865; High Ex. Rem., secs. 431, 432; Cannon v. Janvier, 3 Hous. (Del.), 27.    The following cases support the same doctrine:    The State v. Brown, 38 Ohio St., 344; The State v. Francis, 95 Mo., 44; Attorney-

General v. Boston, 123 Mass., 460; Scott v. County Commissioners, 17 Fla., 707; McConihe v. The State, 17 Fla., 238; Chumasero v. Potts, 2 Mont., 242; The State v. Van Duyn, 24 Neb., 586; The State v. Ware, 13 Ore., 380; Wise v. Bigger, 79 Va., 269; The People v. Board of Education, 127 Ill., 613; The State v. Gracey, 11 Nev., 223; Hyatt v. Allen, 54 Cal., 353; The Board v. The State, 61 Ind., 75; Moses v. Kearney, 31 Ark., 261; The State v. City Council, 39 N. J. L., 620.

There seems to be some conflicting decisions; but we do not find it necessary to decide the broad question in order to determine the point before us. Since the statute gives the requisite number of voters the right to demand an election by a petition, we think any one or more of the petitioners entitled to a writ of mandamus if.necessary in order to compel the performance of the duty.

The proceedings for the writ of mandamus are usually instituted in the name of the State; but when they are prosecuted in behalf of a private relator, this is a mere matter of form. The private relator is the real party, and it accords with the genius of our system of jurisprudence that the suit should proceed in his name. Such we think has been recognized as good practice in our courts from an early day. Land Commissioners v. Bell, Dall., 366; Glasscock v. Commissioner, etc., 3 Texas, 51; Cullem v. Latimer, 4 Texas, 329; Arberry v. Beavers, 6 Texas, 457; Sansom v. Mercer, 68 Texas, 488; Brown v. Ruse, 69 Texas, 589; Smith v. McGaughey, 87 Texas, 51. We therefore answer the second question in the negative.

Delivered April 11, 1895.