### J. R. Minor v. J. C. Loggins et al.

Delivered May 19, 1896.

**Municipal Corporation—City Warrant—Designation of Fund.**

A city warrant with caption as follows: "Public School Fund. $598.20. City Warrant," directed the payment to plaintiff of the $598.20 "for plans and specifications for brick school house." Held, that the warrant sufficiently complied with the requirement of article, 409, Revised Statutes, 1895, prescribing that it should show upon its face "for what purpose" it was issued, and sufficiently designated the fund it was a charge upon, it not appearing that the city council had provided any special fund out of which such indebtedness should be paid. ·

Appeal from Ellis. Tried below before Hon. J. E. Dillard.

*McKie & Autrey*, for appellant.—The court erred in its conclusion of fact, to the effect that it did not sufficiently appear, from the orders of the city council, or the warrant delivered to plaintiff, or otherwise, as to what fund the money was to be paid out of; and (2) in its conclusion of law, that such facts were necessary to plaintiff's recovery; and (3) in rendering judgment for defendants, and in not rendering judgment for plaintiff upon the conclusions of fact as found and on the reason as made. Caldwell County v. Harbert, 68 Texas, 321; Brown v. Reese, 67 Texas, 318; Brown v. Ruse, 69 Texas, 590; Sansom v. Mercer, 68 Texas, 494; Johnson v. Campbell, 39 Texas, 83; Cullem v. Latimer, 4 Texas, 329; 14 Am. & Eng. Ency. Law, 179, note 5.

*M. B. Templeton*, for appellee.—1. The court having found that the city council did not enter an order on its minutes or in fact anywhere, directing the payment of any order, the appellees properly refused to sign and pay the same. Rev. Stats., art. 409.

2. It not being alleged that appellant's claim falls under the head of "current expenses"—and in fact from the character of the claim it could not be current expenses—and no tax having been levied for its payment,

and no fund having been set aside for the purpose of its payment, the claim is no legal demand against the city, even in a suit against the city, and "a fortiori" will not a mandamus be awarded against the officers of the city. McNeal v. City of Waco, 33 S. W. Rep., 322.

FINLEY, ASSOCIATE JUSTICE.—This suit was instituted in the District Court of Ellis County, Texas, by J. R. Minor, plaintiff, against J. C. Loggins, E. J. Kendall and J. W. Dunkerly, who are alleged to be the mayor, city secretary and treasurer, respectively, of the city of Ennis, a municipal corporation organized under the general laws of Texas. The object of the suit was a peremptory mandamus to compel the mayor to sign, the secretary to seal, and the treasurer to pay a certain warrant for $598.20, which had been ordered to be issued to plaintiff by the city council of Ennis. Upon the trial before the court, without a jury, judgment was rendered against plaintiff denying his prayer, and from such judgment he has appealed to this court.

*Opinion.*—The trial judge filed conclusions of fact and law, as follows:

"*Conclusions of fact.*—1. That the allegations of plaintiff's petition and trial amendment are taken as true, and are adopted as fully as a part hereof as though here copied, and are here omitted because they will appear elsewhere in the record.

"2. I find that the city authorities entered into arrangements with plaintiff, under which he prepared certain plans and specifications for a public school building for said city, and that upon plaintiff's claiming compensation therefor his claim was allowed by the city council on April 21, 1894, to the amount of $598.20, that being 2½ per cent of the lowest bid received for the erection of the building according to his plans.

"3. The order or resolution of the city council of Ennis, as the same appears in its official records, is as follows: 'A motion was made by E. S. Overhiser, seconded by Boynton, to allow Mr. Minor's account of 2½ per cent of the lowest bid submitted upon plans as made by him for the erection of a high school building.' Carried by the following vote: Yeas—E. S. Overshire, H. J. Perkins, F. Templeton, B. F. Marchbanks, J. F. Craig, and J. L. Boynton. Nays—T. D. Turner and J. W. Story. A motion was made to amend the above motion, and that the account be referred to a special committee; lost by the same vote.

"4. The action of the council was vetoed by the mayor, and upon the veto message being considered and spread at length upon their minutes, the council passed the same over such veto by a majority sufficient to render it effective, notwithanding the veto; and ordered the following upon the official record: 'After reading above, a motion prevailed unanimously to reconsider the action of the council in allowing the account of Mr. Minor for $598.20.' The following was then presented:

'I move that J. R. Minor's account for $598.20 be allowed and warrant issued for same.' Seconded by H. Boynton, F. Templeton. Vote: Yeas—J. F. Craig, F. Templeton, B. F. Marchbanks, E. S. Overshizer, H. J. Perkins, J. L. Boynton,—Total 6. Nays—J. W. Story and T. D. Turner,—Total 2.'

"5. Thereupon the defendant the city secretary, E. J. Kendall, signed and delivered to plaintiff the following order:

'Public School Fund, $598.20—City Warrant.

'Mayor's Office, City of Ennis, Texas, June 20, 1894. The Treasurer will pay J. R. Minor five hundred, ninety-eight and $\frac{20}{100}$ dollars for plans and specifications for brick school house, 2½ per cent lowest bid. Passed by order of the board, May 7, 1894.

'No. 1858. .............................Mayor.

'Countersigned—E. J. Kendall, City Secretary.' "

" *Conclusions of Law.*—Because neither the orders of the city council nor the warrant delivered to plaintiff sufficiently designated what fund the same was to be a charge upon, the mayor, the defendant J. C. Loggins, properly refused to sign the same; the city secretary, the defendant E. J. Kendall, properly refused to affix thereto the seal of the corporation, and the city treasurer, the defendant J. W. Dunkerly, properly refused to pay same; and the prayer of plaintiff is accordingly denied and refused, and judgment is rendered for defendants."

The record contains no statement of facts, and we must judge of the correctness of the judgment from the facts found by the trial judge as they appear in his conclusions above quoted.

The only question presented is, whether the conclusion of law pronounced upon the facts found, is the correct conclusion to have been pronounced. The trial judge, it will be observed, refused to grant the writ of mandamus upon the sole ground that neither the order of the city council nor the warrant drawn designated the particular fund out of which the same was to be paid.

Plaintiff's petition, the allegations of which were found by the court to be true, among other things, alleged that there were sufficient funds in the hands of the city treasurer subject to the payment of this debt out of which the same could be paid. Appellees, in support of the conclusions of the trial judge, cited article 409, Revised Statutes (Sayles' Civ. Stats., art. 365). This article prescribes the duties of the treasurer of cities and towns, and among other things, it provides that "no order shall be paid unless the said order shall show upon its face that the city council has directed its issuance, and for what purpose."

This is the part of the article of the statute which is relied upon as sustaining the action of the trial court. This article does not provide that the order shall specify the special fund out of which the same is to be paid. It requires only that the city council shall order the payment

of the same, and that the purpose of the payment shall be apparent upon the face of the order.

The other articles of the statutes, not cited, which bear upon the question, are as follows: Article 414 (Sayles', 370). "The city council shall have the management and control of the finances and other property, real, personal and mixed, belonging to the corporation."

Article 415 (Sayles', 371). "The city council shall have power to appropriate money, and provide for the payment of debts and expenses of the city."

Article 416 (Sayles', 372). "To provide by ordinance special funds for special purposes and make the same disbursable only for the purpose for which the fund was created, and any officer of the city misappropriating said special fund shall be deemed guilty of malfeasance in office; and shall, on complaint of any one interested in said funds misappropriated, be removed from office, and be incapable thereafter to hold any office in said city."

Neither of these articles require that the order shall specify the particular fund out of which it is to be paid. The findings of the court clearly show that the city council ordered this debt to be paid. The order specified the purpose for which the payment shall be made; it was an account "for plans and specifications for a brick school house, 2½ per cent of the lowest bid."

The order of the city council also directed that the warrant should issue in favor of appellant for the amount of his account, namely $598.20. The secretary did issue the warrant, showing that the city council had ordered the payment of the debt, and the purpose of it; but this warrant the mayor refused to sign, and the city secretary, therefore, did not attach the seal of the city to it. The provisions of the statute above quoted appear to have been complied with by the action of the city council, and no good reason is apparent to us from the record justifying the action of the mayor in refusing to sign the warrant. It is not made to appear from the record that the city council had provided any special fund out of which such indebtedness should be paid, and providing that its warrant issued for such debt should specify the fund out of which the same should be met.

In the condition we find the record, no valid reason appears for the action of the court below in refusing the mandamus, as prayed for. See Caldwell County v. Harbert, 68 Texas, 321; Brown v. Reese, 67 Texas, 318; Brown v. Ruse, 69 Texas, 590; Sansom v. Mercer, 68 Texas, 494; Johnson v. Campbell, 39 Texas, 83; Cullem v. Latimer, 4 Texas, 329; 14 Am. & Eng. Ency. Law, 179, note 5.

In view of the status of the record before us, we shall not discuss the questions sought to be raised by appellees, and we think it proper to reverse the judgment and remand the cause for another trial.

*Reversed and remanded.*