**SMITH v. TRUMBULL FARMERS GIN CO. et al.**

No. 1689.

Court of Civil Appeals of Texas. Waco.

Jan. 2, 1936.

Julian P. Moseley, of Longview, for appellant.

John M. Hatter, of Waxahachie, for appellees.

GALLAGHER, Chief Justice.

This appeal is prosecuted from a judgment of the district court denying appellant, M. F. Smith, a writ of mandamus requiring appellees, Trumbull Farmers Gin Company, a corporation, and A. J. Hullett, its manager, to permit appellant to inspect the corporate books and records of said Gin Company. Appellant alleged that he was a stockholder in said corporation; that on or about the 16th day of May, 1934, he demanded of appellee Hullett the right to inspect such corporate books and records; that such date was a reasonable time for the exercise of such right and that said Hullett, acting for such corporation and for himself personally, refused appellant the privilege of making said inspection. Appellees filed a joint answer, duly verified, in which they denied that they had ever refused to permit appellee to examine the books and records of said corporation, and further denied that they so refused on the 16th day of May, 1934, as alleged by appellant. They also alleged that about April 26, 1934, appellant asked for permission to inspect said books and records, and that they brought the same to the gin and there allowed him to inspect them, and that they were at his disposal several days. They did not allege that appellant's inspection of the same was complete, nor that he had had a reasonable opportunity to make a complete inspection. Neither did they traverse appellant's allegation that the time at which he made

such subsequent request was a reasonable time for such inspection. The allegations in the remaining paragraphs of appellees' answer were not sustained by proof.

Appellant's application came on for hearing in term time. The issues both of law and fact were submitted to the court. Appellant's demurrers to appellees' answer were overruled, except as to one paragraph thereof, which was stricken out. Appellant introduced testimony that he owned ten shares of stock in said Gin Company and that such ownership appeared upon the books thereof; that on May 18, 1934, he demanded of appellee Hullett, the manager of the Gin Company, at the office thereof in Trumbull, Tex., the right to inspect the corporate books and records; that said Hullett refused to let him do so; that in the afternoon of the same day the directors of the Gin Company met, considered his demand, and refused the same. Appellees introduced testimony that on April 26, 1934, the books and records of the corporation were placed at appellant's disposal in the office of the company; that he examined the same a few hours each day for three days; that he placed his own lock on a desk in the office and kept the books and records there; that he did not return to the office, and that after a period of seven more days appellee Hullett broke the lock and resumed possession of the books; that during said period some of the papers were destroyed by rats. They also introduced testimony tending to show that appellant was actuated by malice in seeking such inspections. The court rendered judgment denying the relief sought by appellant. Appellant requested and the court filed findings of fact and conclusions of law, in which he held appellant was not entitled to relief because the prior inspection afforded him by appellees beginning April 26, 1934, rendered May 18th, the date on which appellant made his second demand, an unreasonable time for such an inspection, and that such demand was therefore unreasonable.

## Opinion.

Appellant, by a group of assignments, contends that appellees' answer was insufficient to present the defense that appellant's demand for inspection on May 18, 1934, was made at an unreasonable time. Appellant's allegations as above set out, including the allegation that his demand for inspection was made at a reasonable time, were sufficient to entitle him to enforce such right by mandamus, absent a direct traverse thereof or a pleading in confession and avoidance. Moore v. Rock Creek Oil Corporation (Tex.Com.App.) 59 S.W. (2d) 815; Burgemeister v. Anderson, 113 Tex. 495, 497, 259 S.W. 1078; May v. Finley, 91 Tex. 352, 354, 43 S.W. 257; Sansom v. Mercer, 68 Tex. 488, 489, 495, 5 S.W. 62, 2 Am.St.Rep. 505; Doeppenschmidt v. City of New Braunfels (Tex. Civ.App.) 289 S.W. 425, 426, par. 5 (writ refused). Appellees' answer does not contain a general denial, apparently in recognition of the rule announced in the authorities cited. Said answer did contain a direct traverse of appellant's allegation that he was denied the privilege of inspecting the books, and appellant's general demurrer thereto was properly overruled. Such denial was, however, shown at the trial by the testimony of both parties. The substance of appellees' allegations, so far as applicable to the issue of whether appellant's demand was made at a reasonable time, has been hereinbefore set out. Article 1328 of our Revised Statutes provides that the books and records of a corporation "shall at all reasonable times be open to the inspection of any stockholder." We do not deem it necessary in this case to distinguish between the right of inspection so given and such right as accorded by the rules of the common law. We quote in this connection from a note in 80 A.L.R. p. 1519, as follows: "The courts generally, both in jurisdictions recognizing the right of inspection of corporate books and records by a stockholder, as guaranteed to the stockholder by the common law, and those in jurisdictions which have statutes relative to the situation, hold that the right is limited to inspection at reasonable times. Otherwise, of course, a stockholder would not only be in a position to make a nuisance of himself in making repeated demands to see the corporation's books, but could seriously affect the interests of other stockholders by impeding the management of the corporation." See, also, the following notes: 22 A.L.R. p. 103, 43 A.L.R. p. 790, 59 A.L.R. p. 1383, and authorities cited in each of the same. The right of inspection, however, is not limited to one occasion; it may be exercised at any reasonable time so long as the relation of the stockholder exists. 7 R.C.L., p. 325, § 302. The mere fact that appellant had, about twenty days prior to the demand here under consideration, made some sort of inspection of the books, and that op-

portunity to continue the same was at that time afforded and not used, does not of itself show that this demand was, as to time, unreasonable. None of the matters of annoyance or aggravation shown by appellees' testimony were pleaded, and the same cannot, therefore, apply to broaden the effect of its allegations with reference to such prior examination.

The findings of the court on which the judgment appealed from is based being without sufficient support in the pleadings, the same is here reversed, and the cause is remanded.