The appellant did not testify or offer any evidence in his own behalf.

By brief, the appellant contends that the court committed fundamental error in failing to instruct the jury that appellant's failure to testify should not be considered by them in reaching their verdict. This Court has recently held in Galan v. State, Tex.Cr.App., 301 S.W.2d 141, that it is not error for the court to refuse such a charge when requested.

Finding the evidence sufficient to sustain the conviction and no reversible error appearing, the judgment is affirmed.

NEWTON COUNTY WATER SUPPLY DISTRICT et al., Appellants,

v.

W. E. BEAN et al., Appellees.

No. 10611.

Court of Civil Appeals of Texas.

Austin.

Jan. 7, 1959.

Rehearing Denied Jan. 28, 1959.

A. E. Rogers, Newton, Wynne & Wynne,. Henry Baer, Dallas, for appellants.

B. F. Whitworth, Glen Barber, Jasper, W. M. Cleaves, Baker, Botts, Andrews & Shepherd, John F. Heard, R. D. Richards,. Jr., Houston, for appellees.

ARCHER, Chief Justice.

This was an action in the nature of a. Writ of Mandamus. Suit was brought by appellees against appellants on the 30th day of November, 1957, in the District. Court of Newton County, alleging that the appellant, Newton County Water Supply District, a body politic of the State of Texas, its officers and directors had failed! and refused to call an election to determine whether or not the Newton County Water Supply District should be abolished as provided by Art. 7880–147c1 through Art. 7880–147c6a, Vernon's Ann.Civ.St. Appellants filed in the District Court a plea in abatement challenging appellees' right and interest to institute this lawsuit for want of justiciable interest in the subject-matter distinct and separate from that of the public as a whole; further that the court abate the suit in that the only party authorized in law to institute such proceedings is the Attorney General of the State of Texas or his duly authorized representative; and further that the acts complained of by the appellees were not subject to a Writ of Mandamus.

Appellants' plea in abatement was duly overruled by the trial judge on the 4th day of February, 1958. The appellants then filed their original answer wherein the appellants answered that appellees were not the real parties of interest in the litigation, that a conspiracy operated by many of the large lumber companies operating in Newton County was supplying the impetus for the litigation, further that the law relied upon by the appellees was void and unconstitutional and that in any event, it did not apply to the appellant, Newton County Water Supply District, and finally, that the

appellants in refusing the election had exercised their discretionary powers properly and that therefore, no Writ of Mandamus should issue. Appellees then filed their First Supplemental Petition consisting of special exceptions to the Original Answer and a general denial of any allegations contained therein.

The trial court overruled all such special exceptions to appellants' Original Answer. The trial on the merits followed before the trial court sitting without a jury resulting in a judgment for the appellees.

The appeal is founded on ten points assigned as error and are to the effect that the court erred in overruling appellants' plea in abatement because the appellees had no such justiciable interest separate from the public as a whole as would entitle them to institute these proceedings, and because the Attorney General was not a party, and because the calling of an election was a matter within the discretion of the Board of Directors, and as such their acts are not subject to a Writ of Mandamus, and since the Board having determined that Article 7880–147c1 was not applicable and having determined that the election should not be called, it was error to grant the writ in an endeavor to control the discretion of the Board; that the court erred in holding that Article 7880–147c1 through Article 7880–147c6a are applicable to the district; in ordering the election without rules or guide for holding such election; in upholding the constitutionality of Article 7880–147c6, and because Section 149 of Senate Bill No. 9 is a local or special law.

Article 7880–147c1 of the Revised Civil Statutes of Texas, as amended, provides in substance that any water control and improvement district operating under the provisions of Chapter 25 of the General Laws passed by the 39th Legislature at its Regular Session and situated within a county having a population of less than 11,000 according to the last preceding United States census may be abolished by a majority vote of the taxpaying qualified voters residing in such district at a special election held for such purpose. Articles 7880–147c2 through 7880–147c6a, R.C.S., go on to provide the mechanics incident to initiating, holding, and announcing the result of such election.

The water control and improvement district act has been extensively supplemented and amended since its original enactment, Sections 149 through 154 thereof being added in 1929 (Acts 1929, 41st Leg., Ch. 87, p. 204). Such sections are codified as Articles 7880–147c1 through 7880–147c6, R.C.S., the statutes directly involved in this case. Said Section 149 (Article 7880–147c1) was further amended in 1957 (Acts 1957, 55th Leg., Ch. 53, p. 109, Sec. 1A), to authorize abolition elections in districts situated in any county with a population of less than 11,000, rather than only in counties having a population between 10,000 and 10,050 according to the 1920 United States census as originally provided. Section 155 (Art. 7880–147c6a, R.C.S.) was added to said Chapter 25 in 1957 (Acts 1957, 55th Leg., Ch. 371, p. 855) to provide that a dissolution election could not be held until at least one year after the last such election if the life of the district was then sustained.

The District was created in 1955 by Special Act of the Legislature (Art. 8280–174).

In August, 1957, a large number of alleged owners of title to lands in the district (only 50 of such owners are required) signed a petition requesting that an election be held to determine whether or not the district should be abolished, which was presented to the Directors at a regular meeting on or about September 3, 1957. Some weeks later the Board refused to call an election.

■ This suit was filed by sixteen of the signers of the petition to compel the district to hold an election as required by the statutes.

A plea in abatement was filed by the district alleging among other things that the plaintiffs did not have the proper interest in and right to institute the proceedings, because they were only private citizens and that the suit must be brought by the Attorney General. The court overruled the plea.

We believe that the court was within his authority in overruling the plea in abatement and that the appellees herein had the right to institute the proceedings in their own names without the joinder of the Attorney General or other officials of Newton County. Kimberly v. Morris, 87 Tex. 637, 31 S.W. 808.

This is an old case (1895) and we believe applicable to this appeal. We do not deem it necessary to quote from the opinion. This case has been cited in a number of later ones, the last of which we know of is Vetters v. State ex rel. Murray, Tex. Civ.App., 255 S.W.2d 588.

We do not believe that the court's holding in Yett v. Cook, 115 Tex. 205, 281 S.W. 837, 842, is determinate of the issues in this case.

The Yett Case was a mandamus to compel the officials of Austin to call an election for councilmen, wherein our Supreme Court held that a private citizen and taxpayer did not have a sufficient interest in such election to bring the suit, but that such a suit must be brought by the Attorney General. In making this holding the court made a distinction as follows:

"The cases of Sansom v. Mercer [68 Tex. 488, 5 S.W. 62], just cited, Kimberly v. Morris, 87 Tex. 637, 31 S.W. 808, and Boynton v. Brown (Tex.Civ. App.) 164 S.W. 893, are not in point in favor of defendant in error. In each of these cases there was a statute conferring upon certain petitioners the right to have an election ordered. Mandamus was awarded to enforce this special statutory right."

The Court of Civil Appeals, in Mitchell v. McCharen, 119 S.W.2d 676, 677, on motion for rehearing held:

"Our attention is called to the fact that the appellant, Charlie Mitchell, is a signer of the petition requesting the election. This fact is sufficient to give him an interest different from the general public in reference to the holding of the election and makes him such a person as may maintain this cause of action. 28 Tex.Jur. p. 627; Sansom v. Mercer, 68 Tex. 488, 5 S.W. 62, 2 Am.St.Rep. 505; Kimberly v. Morris, 87 Tex. 637, 31 S.W. 808; Boynton v. Brown, Tex.Civ.App., 164 S.W. 893; Miller v. State, Tex.Civ.App., 53 S.W. 2d 838."

In Fox v. Burgess, Tex., 302 S.W.2d 405, 407, the Court said:

" * * * The Amarillo Court took the view that the per curiam order entered by this Court (121 S.W.2d 1055) had the effect of nullifying the pronouncement of law as decreed by the San Antonio Court so as to render it of no precedential value. It appears that the application was granted and the cause ordered dismissed on the same day for the reason that the case had become moot. We ordered that the conflicting judgments of the two lower courts be reversed, the trial court having denied the writ of mandamus and the Court of Civil Appeals having granted the writ. It cannot be said that our per curiam indicated either approval or disapproval of the opinion of the Court of Civil Appeals."

Among the cases cited by appellants are Yett v. Cook, supra, City Council of Wichita Falls v. Coker, Tex.Civ.App., 93 S.W.2d 459, Holland v. Taylor, 153 Tex. 433, 270 S.W.2d 219, Dunsmore v. Menefee, Tex. Civ.App., 74 S.W.2d 174, in which election for city councilmen, removal of an alderman, change the number of delegates from each precinct convention, and to select

school trustees were in question. In neither of these or other similar cases the complaining parties had nothing to gain or lose, and had only an interest with the general public.

In our case the statutes authorize the landowners to petition for an election to determine whether or not the district shall be abolished, and in addition, the appellees are taxpayers and have a direct interest in an election to abolish the taxing agency.

Article 7880–147c4 provides that all elections to determine whether or not such district shall be abolished shall be held in accordance with the provisions of Sections 26, 27, 28, 29 and 30 of Chapter 25 (Arts. 7880–26, 27, 28, 29 and 30).

Section 26 provides that all elections held by a district shall be ordered, held and conducted in accordance with the laws of this State for the holding of general elections for State and County officers, except as therein otherwise provided. Section 27 provides that the Directors shall name the polling places and otherwise provide for the holding of all elections, and Section 28 provides for notice of all elections.

Article 4.09 of the Election Code, V.A.T.S. provides for fixing the time of holding the elections. The Directors were under a legal duty to call, hold and declare the result of the election.

39 Tex.Jur. 186, Statutes, Sec. (99); Countz v. Mitchell, 120 Tex. 324, 38 S.W.2d 770.

We believe that the trial court was correct in overruling the plea in abatement because even if the calling of the election involved the exercise of discretion by the Directors of the Board, the plaintiffs were entitled to a trial on the merits in the mandamus proceedings because they alleged that the Directors abused their discretion in arbitrarily refusing to call the election.

Plaintiffs in their suit for the Writ of Mandamus to compel the Directors to order and hold an election in accordance with Article 7880–147c1 et seq. to determine whether or not the District should be dissolved, appellees alleged, among necessary allegations, that they signed the petitions requesting the Directors to call an election, that the petitions were in conformity and compliance with the law, which were presented to and filed with the Directors, that the Directors were under a legal duty to order and hold such election; that said Directors denied such petitions and refused to hold said election.

Appellants filed their plea in abatement alleging, among other things, that the actions sought to be controlled by appellees were discretionary acts on the part of the Directors which could not be controlled or reviewed by mandamus proceedings. The trial court, before the trial on the merits, and having before it only the Original Petition, containing among other things, the foregoing allegations, overruled the plea.

Mandamus lies to enforce nondiscretionary or ministerial duties. 28 Tex. Jur. 537.

In making a distinction between discretionary and ministerial acts in a given case is often a problem of real difficulty. 28 Tex.Jur. 541.

There is no question but that mandamus will lie to control discretionary acts of public officials where there has been an abuse of discretion. 34 Am.Jur. 858.

In Lewis v. Harris, Tex.Civ.App., 48 S.W.2d 730, 732, er. ref., the court said:

"The decisions in this state, and the great weight of authority in other jurisdictions, recognize an exception to the general rule that discretionary acts will not be reviewed or controlled exists when the discretion has been abused by arbitrary action. 38 C.J. 598, § 74, and cases cited; Sansom v. Mercer, 68 Tex. 488, 5 S.W. 62, 2 Am.St.Rep. 505; King v. Guerra (Tex.Civ.App.) 1 S. W.2d 373. Vanlandingham v. Hill, 47

S.W.2d 641, recently decided by this court."

In Womack v. Berry, 156 Tex. 44, 291 S.W.2d 677, 682, our Supreme Court stated the rule to be:

"The rule denying mandamus with respect to matters of a discretionary character is not without limitation, however, and the writ may issue in a proper case to correct the clear abuse of discretion."

We believe that the court was justified in ordering the Board of Directors to order and hold the election.

The Directors requested a cash deposit be made to defray the expense of holding the election, which request was complied with, and were furnished with a legal memorandum setting forth the procedure to be followed in connection with the calling and holding of such election.

Appellants considered the petitions for the election for several weeks before refusing to call the election.

There is no issue that the petitions were not signed by at least fifty qualified property owners in the district as shown by the tax rolls thereof. The order refusing to call the election does not specify as a reason the insufficiency of the petition.

In this case the Directors were required to determine if the petition was signed by at least fifty owners and holders of title to land in the district as shown by the tax rolls, and there is no question but that at least fifty qualified persons signed the petition. After this admitted fact was determined the Directors had no discretion to exercise; their duty then was solely ministerial, that of calling and holding the election.

Sansom v. Mercer, 68 Tex. 488, 5 S.W. 62; Matlock v. Smith, 96 Tex. 211, 71 S.W. 956; State ex rel. Marrs v. Abshier, Tex. Com.App., 263 S.W. 263; Glass v. Smith, Tex.Civ.App., 238 S.W.2d 243, affirmed 150 Tex. 632, 244 S.W.2d 645.

■ We believe that Articles 7880–147c1 through 7880–147c6a, V.A.C.S., are applicable to the district.

No useful purpose can be had by a recitation of the provisions of the statute and we omit such. Further we believe that the trial court was correct in ordering the election to be held under Article 7880–147c1, V.A.C.S., and here again we omit a discussion of the provisions of this Article.

■ We believe that Article 7880–147c6, V.A.C.S., is constitutional.

Koy v. Schneider, 110 Tex. 369, 221 S.W. 880.

■ In 1957 the Legislature enacted Article 7880–147c6a providing that if the proposition to abolish a district fails to carry no other election for the same purpose shall be held within one year.

We believe that Section 1a of Senate Bill 9 enacted by the 55th Legislature, modifying Article 7880–147c1, V.A.C.S., is constitutional.

This amendment concerning abolition of districts, provides that a district situated entirely within counties having a population of less than 11,000, may be abolished by a majority vote of the taxpaying qualified voters residing in such district, etc.

We do not believe that the fact that there are two parts, (method of abolition, and payment of outstanding bonds, by tax levy, ordered by the Commissioners' Court) which are germane to the bill, and that the captions of the bill gives fair and reasonable notice of the subject matter of that portion of the bill amending Article 7880–147c1. An Act amending an existing statute may be entitled by reference to the section or article number of such statute in the Revised Civil Statutes.

As stated in Miller v. El Paso County, 130 Tex. 370, 150 S.W.2d 1000, 1002:

"Resort to population brackets for the purpose of classifying subjects for

legislation is permissible where the spread of population is broad enough to include or segregate a substantial class."

Board of Water Engineers v. City of San Antonio, Tex., 283 S.W.2d 722.

We have given careful consideration to the brief of appellants and its contents and cases cited but believe them not to be controlling.

The judgment of the trial court is affirmed.

Affirmed.

HUGHES, J., not sitting.