**C. A. WEAVER et al., Appellants,**

**v.**

**NEWTON COUNTY WATER SUPPLY DISTRICT et al., Appellees.**

No. 10872.

Court of Civil Appeals of Texas.

Austin.

April 19, 1961.

Rehearing Denied May 10, 1961.

Sexton & Owens, Orange, for appellants.

Henry Baer, Dallas, Wynne, McKenzie, Stroud, Jaffe & Tinsley, Dallas, of counsel, for Newton County Water Supply Dist. et al.

Glenn Barber, B. F. Whitworth, Grady O. Trimble, Jr., Jasper, R. D. Richards, Jr., Houston, Baker, Botts, Andrews & Shepherd, Houston, of counsel, for intervening appellees.

ARCHER, Chief Justice.

This action was filed by appellants C. A. Weaver, E. J. Bailes and N. C. Storms, who are resident taxpaying, landowning citizens of Newton County, Texas, and of Newton County Water Supply District, hereinafter called the District. They have sued the District and its officers and directors (all

of whom are hereinafter collectively called appellees), alleging that Article 7880-147c1 through Article 7880-147c6 are unconstitutional and void and of no force and effect; that the election held pursuant to said Article is without effect and should be held for naught; and that the District should be enjoined from dissolving and winding up its affairs.

W. E. Bean and thirteen other landowners in the District (hereinafter called intervening appellees or intervenors) intervened in this proceeding and filed a Plea in Abatement, which Plea was overruled by the Trial Court. The intervenors also filed a general denial and affirmative allegations that the constitutionality of the statutes in question had been fully and finally determined and adjudged adversely to plaintiffs in the mandamus suit and that the judgment therein was a complete and final defense to plaintiffs' (appellants herein) asserted cause of action.

The Trial Court, after hearing the evidence of all parties offered on the merits, without a jury; after overruling the Plea in Abatement of intervening defendants, to which action of the court said intervening defendants excepted; after consideration of the evidence, argument of counsel, and the written briefs filed in the Trial Court by counsel for the parties, gave judgment for the District and the intervenors, decreeing that plaintiffs take nothing as a result of their action. Such judgment was entered by the Trial Court on the 22nd day of September, 1960. The Trial Court, on motion by plaintiffs, filed its findings of fact and conclusions of law, which were subsequently amended on motion of the intervenors, which conclusions were that plaintiffs (appellants herein) were entitled to prosecute this suit in their own names without the joinder of any official or representative of the State or County; that Article 7880-147c6 was severable from Article 7880-147c1 through Article 7880-147c5; that Article 7880-147c1 through 147c5 were constitutional; and that without attempting to apply Article 7880-147c6, the

election complained of resulted in a twenty-one vote majority in favor of abolition, and that courts do not decide constitutional questions except when the decision is necessary to a disposal of the case.

The appeal is based on five points and are to the effect that the court erred in holding that Article 7880-147c6 is severable from Articles 7880-147c1 through 147c5; in failing to hold that all of the articles were unconstitutional because they are discriminatory and in violation of Article I, Section 3 of the Texas Constitution, Vernon's Ann. St., and of the 14th and 5th Amendments of the Constitution of the United States; because the statutes create taxation without representation and violate the equal protection clauses, and are vague and indefinite and impossible of application and are inconsistent.

Appellants sued the District, its officers and directors, alleging that the above enumerated statutes are unconstitutional and that the election held pursuant thereto is without effect. The District answered by general denial and the intervenors filed a Plea in Abatement, a general denial and an affirmative defense of res judicata alleging that the statutes are constitutional, and being so determined in the case Newton County Water Supply Dist. v. Bean, Tex. Civ.App., 320 S.W.2d 158, er. ref., N.R.E.

The court overruled intervenor's Plea in Abatement, held that Article 7880-147c6 was severable from Articles 7880-147c1 through 147c5 and were constitutional.

Appellants say that the deciding factor in determining whether or not a particular section of an article is severable from other sections of the same article is the intent of the Legislature, and contend that the Legislature would not have enacted the statutes without intending that they be given effect and be interpreted as a unit and not severable.

Art. 7880-147c1 provides for abolition of a District by a majority vote at an election, 147c2 provides for a petition for such pur-

pose, 147c3 provides for the requisites of a petition, 147c4 provides for an election, 147c5 provides for an order declaring the result of an election, 147c6 provides that in an election in a District including a city or town, such city or town shall be a separate voting precinct, and the votes cast therein shall be counted to show the results, and in event such municipal corporation shall vote against the abolishment of such District, and the balance of such District shall vote for the abolishment, such District shall be abolished.

In the instant election there were a total of 1,301 who voted for abolishment and 1,280 voted against abolishment. It is to be observed that a majority for the abolishment of the District was cast in the entire District.

In Newton County Water Supply Dist. v. Bean, supra, this Court upheld the constitutionality of Articles 7880–147c1 through 147c6a. In that case, the same District is involved that is involved in this instant case and the purposes were the same, both involving the same articles and parties similar. The first case was a mandamus proceeding to compel the holding of an election and in the instant case the question and sufficiency of the election are before the Court.

■ The constitutional issue having been settled in the first case such cannot be litigated in this present proceeding and the doctrine of stare decisis is controlling. 26 Tex.Jur. 12; Oklahoma v. Texas, 256 U.S. 70, 41 S.Ct. 420, 65 L.Ed. 831; Freeman on Judgments, 5th Ed., pp. 956-7, Sec. 437; Hovey v. Shepherd, 105 Tex. 237, 147 S.W. 224; Ashton v. City of Rochester, Sup., 14 N.Y.S. 855, affirmed 133 N.Y. 187, 30 N.E. 965, 31 N.E. 334.

Since we cited extensive authorities in Newton County Water Supply Dist. v. Bean, supra, we do not again cite them but refer to them.

■ We believe that the court correctly held that Article 7880–147c6 is severable

from Article 7880–147c1 through 147c5. The outcome of the election did not in any way depend upon the provisions of Art. 7880–147c6. Southern Canal Co. v. State Board of Water Engineers, Tex.Civ.App., 311 S.W.2d 938, er. ref., N.R.E.; Southern Canal Co. v. State Board of Water Engineers, 159 Tex. 227, 318 S.W.2d 619.

■ Since a majority of the voters in the entire District voted for the abolishment of the water district there can be no discrimination against the city voters, at which election all voted who cared to and no one was deprived of the right to vote.

■ Courts will not set aside legislative classifications unless they are made on a purely arbitrary basis. Miller v. El Paso County, 136 Tex. 370, 150 S.W.2d 1000.

■ The statutes are not so vague, indefinite and ambiguous as to be unintelligible and impossible of application and do not contain directly conflicting provisions. Newton County Water Supply Dist. et al. v. Bean, supra.

The action of the Trial Court in entering a take nothing judgment against appellants is sustained and affirmed.

Affirmed.

HUGHES, Justice (concurring).

I agree with the Trial Court that it is unnecessary in this cause to pass upon the constitutionality of Art. 7880–147c6, V.A.C.S., because this statute is severable from the remaining pertinent statutes including Art. 147c–1, V.A.C.S., which provides for abolition of Water Control and Improvement Districts, as here, by a majority vote of the taxpaying qualified voters residing in the District.

The Newton County Water Supply District was validly abolished in accordance with this statute and resort to controversial Art. 147c6 is not required.