

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

March 13, 1962

Honorable Bill A. Martin
County Attorney
Newton, Texas

Opinion No. WW-1279

Re: Whether Newton County
Water District of Newton
County, Texas, can transfer
its personal property and
also its real property
with a building thereon
to Newton County without
a public sale.

Dear Sir:

In your recent letter you request our opinion
on whether Newton County Water Supply District of Newton
County, Texas, can transfer its personal property and also
its real property with a building thereon to Newton County
without a public sale.

A summary of the relevant facts show that the
Newton County Water Supply District of Newton County has
been abolished as of 1961, under the provisions of Article
7880-147c1, Vernon's Civil Statutes. Further that the
District collects its taxes through the county and is in
the process of paying off its indebtedness with those
taxes. $750,000.00 bonds have been issued and most are
still outstanding. The District desires to transfer
personal and real property to the County, specifically a
building and lot with the furniture and fixtures.

The Newton County Water Supply District was
created by virtue of Article 8280-174, Vernon's Civil
Statutes. Section 3(a) of that Article provides:

". . .the district shall have and
exercise, and is hereby vested with, all
of the rights, powers, privileges, author-
ity and duties conferred and imposed by
the General Laws of this State now in force
or hereafter enacted, applicable to water
control and improvement districts created
under the authority of Section 59, Article
XVI of the Texas Constitution . . ."

In <u>Newton County Water Supply District v. Bean</u>, 320 S.W.2d 158 (Civ.App. 1959 error ref. n.r.e.) the Board of Directors were required to hold an election to determine whether the district should be abolished.

In <u>Weaver v. Newton County Water Supply District</u>, 346 S.W.2d 156 (Civ.App. 1961 error ref. n.r.e.) the election abolishing the District was upheld.

The District was abolished under Article 7880-147c1, Vernon's Civil Statutes, providing:

> "All water control and improvement districts organized or operating under the provisions of Chapter 25 of the General Laws passed by the 39th Legislature at its Regular Session, as amended, situated entirely within counties having a population of less than eleven thousand(11,000) according to the last preceding United States census, may be abolished by a majority vote of the taxpaying qualified voters residing in such district at an election held for the purpose of determining whether or not such district shall be abolished. In the event any such district shall have outstanding bonds or other indebtedness maturing beyond the current year in which such abolition occurs, the Commissioners Court of the county in which such district is situated shall levy and cause to be collected as county taxes are assessed and collected sufficient taxes on all taxable property within such district to pay the principal and interest on such bonds and other indebtedness when due."

Article 7880-147c5, Vernon's Civil Statutes, states:

> "If the majority of those voting at such election vote in favor of abolishing such district, the said district shall be abolished

and the same <u>after such election shall
have no further authority except that any
debts incurred shall be paid</u>, and the
organization shall be maintained until
all such debts are paid. . . ."
(Emphasis added)

Water control and improvement districts are
governmental agencies and as such may exercise only such
powers as have expressly been delegated to it by the
Legislature, or which exist by clear and unquestioned
implication. <u>Tri-City Fresh Water Supply Dist. No. 2
of Harris County v. Mann, Att. Gen.</u> 135 Tex. 280, 142
S.W.2d 945 (1940), and Attorney General's Opinion
WW-473 (1958).

There is no statutory authority enabling the
Newton County Water Supply District to transfer property,
real or personal, to the county after its abolition. Nor
is there any implication of such authority. Article 7880-
147c5 states, ". . .no further authority except that debts
incurred shall be paid . . ." and this would seem to be
a prohibition upon any activity besides paying the debts.
It is therefore the opinion of this office that the
Newton County Water Control District by virtue of Article
7880-147c5, Vernon's Civil Statutes, is without authority
to do anything but see that the debts of the said district
are paid.

## S U M M A R Y

The abolished Newton County Water Supply
District is without statutory authority
by virtue of Article 7880-147c5, Vernon's
Civil Statutes, to do anything besides
see that the debts of the said district
are paid, and may not therefore transfer
to Newton County real and/or personal
property of the said District.

Very truly yours,

WILL WILSON
Attorney General of Texas

By John H. Hofmann
Assistant

JHH:kkc

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
Linward Shivers
Elmer McVey
Virgil Pulliam
Robert Lewis

REVIEWED FOR THE ATTORNEY GENERAL
BY:  Houghton Brownlee, Jr.