## ELDER et al. v. HAMILTON et al.
### (No. 6480.)

(Court of Civil Appeals of Texas. San Antonio. Jan. 19, 1921.)

1. **Appeal and error ⬯766—Sustaining general demurrer raised fundamental error regardless of proper briefing.**

The action of the trial court in sustaining general demurrer to the petition constituted a holding that the facts stated in the petition, if proved, would not constitute a cause of action, a proceeding which raised the question of fundamental error and must be considered by the Court of Civil Appeals regardless of the proper briefing of the case.

2. **Injunction ⬯88—Writ will lie to restrain diversion of funds voted for building roads.**

Injunction will lie to restrain diversion to the digging of a ditch to drain private property, of funds voted for the purpose of building roads in the district where voted.

3. **Highways ⬯130½, New, vol. 12A Key-No. Series—Taxpayers of road district had right to institute suit to restrain diversion of funds.**

Taxpayers of a road district had the right and authority to institute suit to restrain the commissioners' court from using road money for other purposes than building the roads.

4. **Injunction ⬯139—Power to grant writs in term or vacation carries with it power to refuse.**

The power to grant injunctions in term time or vacation carries with it the power to refuse such writs in term time or vacation.

5. **Appeal and error ⬯131—Judge had authority to deny application for permanent writ in vacation; order final judgment supporting appeal.**

Under the statute, the trial court having authority to deny application for permanent injunction in vacation, his order so doing was a final judgment from which appeal could be taken.

Appeal from District Court, Calhoun County; John M. Green, Judge.

Suit by P. F. Elder and others against R. H. Hamilton and others. From judgment for defendants, plaintiffs appeal. Judgment reversed, and cause remanded.

Bailey & Wallace, of Cuero, and Lewis Wood, of Port Lavaca, for appellants.

FLY, C. J. P. F. Elder and 23 others, appellants herein, brought this suit against the county judge, commissioners' court, and county treasurer of Calhoun county, petitioners describing themselves as "property tax paying voters in Calhoun county, road district No. 2 in said county," to obtain a permanent injunction restraining appellees from paying out any money derived from the sale of certain road bonds and certain ditch known as the Maxwell ditch. The court sustained a

general demurrer and seven special exceptions to the petition and refused the relief prayed for. No briefs have been filed in this court, but appellants filed a typewritten argument which is described as "Brief of Argument for Appellants." Appellees have not filed any briefs, both parties evidently treating the judgment as an interlocutory one on an application for a temporary injunction. However, the only relief asked is for an injunction, and there is no prayer for a temporary writ, nor is a temporary writ mentioned in the judgment nor anywhere else in the record. In the caption of the transcript, it is recited that the case was tried "at a vacation term of the district court, begun and holden in chambers at Cuero, De Witt county, Tex., and for the county of Calhoun." It may be inferred from that statement that the matter was tried before the district judge in chambers and not at any term of the district court, in and for Calhoun county or De Witt county, as a "vacation term," whatever that may be, or otherwise.

[1] No other relief was sought, except that to be derived from a permanent injunction, and the judgment is a final one, fully disposing of the cause. Appellees were given notice to appear at a certain time, when a hearing would be had "upon the matters and things set forth in said petition." The only "matters and things set forth" in the petition were in regard to obtaining a permanent injunction, and, when the court sustained the demurrers, it was in effect a dismissal of the whole case, and nothing more could be done in regard to it. The rules as to appeal and briefing would be those applicable to any appeal from a final judgment, and not the rules appertaining to appeals from interlocutory orders. However, the court sustained a general demurrer to the petition, thereby holding that the facts stated in the petition, if proved, would not constitute a cause of action, and this action of the court would raise a question of fundamental error and must be considered by this court.

[2] If, as alleged in the petition, the money was voted for the purpose of building roads in the district where voted, then an allegation of diversion of the funds to the digging of a ditch to drain private property would be a sufficient allegation upon which to base a writ restraining such diversion.

[3] Appellants, as taxpayers of the road district, had the right and authority to institute a suit to restrain the commissioners' court from using the road money for other purposes than building the roads. Joyce, Ins. § 361; Terrell v. Middleton (Tex. Civ. App.) 187 S. W. 367.

[4, 5] It is provided in the statute that—

"Judges of the district and county courts shall, either in term time or vacation, hear and determine all applications and may grant writs of injunctions returnable to said courts," etc.

Of course, the power to grant injunctions in term time or vacation carries with it the power to refuse such writs in term time or vacation. The statute does not restrict such granting or refusal to temporary injunctions, but includes all injunctions, and gives the same power to judges in term time or vacation in connection with perpetual or permanent injunctions as with temporary writs. We conclude therefore that the judge had the authority to deny an application for a permanent injunction in vacation, as he did, and that his order was a final judgment, from which an appeal could be perfected. If, however, this is not the case, then the judge had no authority to pass on the application for a permanent injunction in vacation, and his action is null and void. If the application could be treated as one for a temporary injunction, then the appeal has been perfected from that interlocutory order as permitted by the statute. In any event, the general demurrer should not have been sustained.

The judgment is reversed, and the cause remanded.