**ANDERSON et al. v. HOUTS, County Judge, et al.　(No. 6784.)**

(Court of Civil Appeals of Texas. San Antonio. March 29, 1922. Rehearing Denied April 26, 1922.)

1. **Highways ☜130½, New, vol. 12A Key-No. Series—Citizen and taxpayer may sue to restrain officers from performing unauthorized act, without alleging special injury.**

A citizen and taxpayer may maintain an action to restrain an officer from performing illegal, unauthorized, and unconstitutional acts, and may sue to prevent the illegal expenditures of money or taxes collected, and so such suit be brought against officers of a road district, without alleging special injury.

2. **Statutes ☜100(1), 103—Act creating officers of defined road district and giving them control of its roads held to be invalid as a "local and special law."**

Sp. Laws 33d Leg. First Called Sess. (1913) c. 17, which in sections 15–17, 20, creates a board of permanent road commissioners of a

defined road district, and gives them exclusive and entire control of the permanent roads thereof, took from the ·commissioners' court the powers and duties imposed on them by Const. art. 5, § 18, and Rev. St. art. 2241, and hence is invalid, as local and special legislation, within Const. art. 3, § 56.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Local Law; Special Law.]

Appeal from District Court, San Patricio County; M. A. Childers, Judge.

. Suit by B. F. Anderson and others against J. C. Houts, County Judge, and others. From a judgment denying an application for injunction, plaintiffs appeal. Judgment as to injunction reversed and rendered, and reformed as to mandamus.

Jas. G. Cook, of Sinton, for appellants.

Boone, Pope & Savage, of Corpus Christi, for appellees.

COBBS, J. As appellees adopt the statement of the case as made by appellants, we copy it as follows:

"This suit was instituted by B. F. Anderson, D. Odem, and E. C. Timon, taxpayers of a subdivision of San Patricio county, known as defined road district No. 4 of such county, against C. B. McAnally, J. T. Mahoney, and J. W. Nelson, citizens of such district, and claiming to be the duly qualified and acting officers of said district, holding the office of permanent road commissioners of said defined district, said office having been created by the provisions and operations of sections 15, 16, 17 of the special road law for said county, known as San Patricio County Road System Law, passed by the Legislature of Texas in 1913, at the First Called Session 'of the Thirty-Third Legislature, said law being chapter 17, of the Special Laws of said session; also against J. C. Houts as county judge, and the four commissioners of said county, composing the commissioners' court of said county; also against J. A. Matthews, county clerk, H. M. Eads, county treasurer, and Sinton State Bank, of Sinton, Tex., the county depository—seeking a temporary injunction against said first-named three parties defendant, who are claiming to be the officers of said defined district, restraining and enjoining them from exercising further powers, authority, and control over the permanent roads of said defined district, as created under the provisions of said special road law, ano from auditing and certifying accounts and claims against the said defined road district, or against its road funds, of which there remains approximately the sum of $25,000 or· $30,000 unspent, the proceeds of the sale .of road improvement bonds, which had been theretofore voted, issued, and sold during the year 1919, under the provisions of said special road law for the county, upon the ground and for the reason that the creation or attempted creation of their said office or offices by the Legislature in enacting such special or local law for the county was void, being in contravention of section 56 of article 3 of the state Constitution, providing, among other things, that the Legislature shall not, except as otherwise provided in the Constitution, pass any local or special law 'creating offices, or prescribing the powers and duties of officers, in counties, cities, towns, election or school districts, etc.'

"The county clerk, the county treasurer, and the county depository aforesaid, respectively, were made parties defendant, and are each sought to be enjoined temporarily from performing the duties in respect to the issuance of warrants, checks, and the payment of same, upon certified accounts issued by the said officers of the defined road districts, or parties claiming to be such officers, to wit, C. B. McAnally, J. T. Mahoney, and J. W. Nelson, defendants, all acting under, and attempting to comply with, the provisions of sections 11 and 18 of said special road law for the county, relating to the manner of auditing, allowing, and paying accounts and claims against the funds of said defined road district, upon the ground that such auditing, allowing, certifying and paying of such funds in such manner are illegal, in that such funds and moneys of said district should not be paid out by such officers, except upon the orders and decrees of the commissioners' court of said county, in the usual, legal, and ordinary way and manner of auditing, allowing, and paying claims and accounts against the county in general.

"The members of the commissioners' court of the county were also made parties defendant, under the allegation that such court, and the members thereof, have, in the past, delegated their constitutional and statutory powers, authority, and control, including the nondelegable power to audit, allow, and certify claims, over the roads, particularly the permanent roads of such defined road district, to such parties, to wit, McAnally, Mahoney, and Nelson, the defendants, claiming to be the duly qualified and acting officers of said road district, and that they, said commissioners' court, intend in the future, and have expressed it as their future policy, to continue a further delegation of their said powers and duties respecting said roads to said named parties or body, and the said commissioners' court and the members thereof are sought to be enjoined and restrained from such delegation of their said powers and authority over the public roads; such delegation of power and authority being, 'as alleged by plaintiffs, in violation of the law and in contravention of another section of the Constitution, to wit, section 18 of article 5, providing, among other things, that the said commissioners' court shall exercise such powers and jurisdiction over all the county's business as is conferred by the Constitution and the laws of the state. It was also sought in said petition to compel the commissioners' court, by the issuance of a writ of mandamus, to take over and assume the exclusive management and control of the said permanent roads of said defined road district, as contemplated that they should do by the said· Constitution and statutes of the state of Texas.

"The defendants (except Sinton State Bank, county depository) answered, limiting their answer for the purpose of showing cause why a temporary writ of injunction should not issue against them as prayed for. Their answers

consisted of certain exceptions, denials, and admissions. Plaintiffs prayed that all temporary orders or decrees be made permanent on final hearing, etc. The court heard the pleadings, and the evidence, an agreed statement of the facts, being before the court, and treating the hearing as one upon the petition for temporary injunction, the trial court, on February 24, 1922, and during a regular term of the said district court of said county, overruled all of the defendants' exceptions, general and special, to plaintiffs' petition, yet refused plaintiffs the temporary injunction prayed for by them."

The court refused the application.

[1] It is contended by appellees that the appellants have not alleged sufficient facts to authorize them to maintain this suit, because they do not set forth any special injury to themselves, or to themselves in common with others, but only seek to enforce a technical or abstract right by the writ of injunction, which will not be considered or enforced by a court of equity in the absence of definite injury. It has been too many times decided that a citizen and a taxpayer may institute and maintain an action to restrain an officer, state or municipal, from performing illegal, unauthorized, and unconstitutional acts, to require further discussion. A citizen may, by injunction, sue to prevent the illegal expenditures of money or taxes collected, no matter how small, and, as said by the Chief Justice of this court in Terrell v. Middleton, 187 S. W. 369:

"The reasons for allowing them this power are no stronger than to allow restraint of an officer who seeks to expend the taxes when collected for an illegal or unconstitutional purpose. The diversion of the taxes after collection from legal purposes would be equally as injurious to the taxpayer as the collection of illegal taxes."

As said further on in the opinion:

"There is a marked difference in compelling the performance of a duty and the prevention of the violation of a law to the prejudice of a taxpayer."

The question involved here is as to whether the mouth of a taxpayer is closed when an alleged unconstitutional law is being executed. It may be true the commissioners' court are doing what they believe to be their duty in obeying this law, rather than to ignore it, leaving its validity to be determined by some other forum. But a taxpayer has a right to say that duty devolves upon a competent court, to which the public have a right to look for performing duties that should not be performed by delegating the same to an unconstitutional agency. City of Austin v. McCall, 95 Tex. 565, 68 S. W. 791; Terrell v. Middleton (Tex. Civ. App.) 187 S. W. 367; Moore, County Judge, et al. v. Coffman et al. (Tex. Civ. App.) 189 S. W. 94; Elder v. Hamilton (Tex. Civ. App.) 227 S. W. 243; Crampton v. Zabriskie, 101

U. S. 609, 25 L. Ed. 1070; Haverbekken v. Hale, 109 Tex. 106, 204 S. W. 1162; McLaughlin v. Smith (Tex. Civ. App.) 140 S. W. 248; Kimberly v. Morris, 87 Tex. 637, 31 S. W. 808.

It would be a deplorable situation if the citizen taxpayer did not have the right by proper proceedings to invoke the equitable powers of the court to restrain a state or county officer, or municipal government, from taking money that the taxpayers trusted them with for the general good of the public, and using or diverting it to promote the unlawful purpose, or in the execution of some unconstitutional law, or in carrying out some plan or purpose that would, in the use of the fund, result disastrously. Such officers are the servants of the taxpayers, not their masters, and are not above restraint in the exercise of the proper powers of a court of equity. This right does not depend upon the amount involved, or on the situation or locality of the taxpayer. This right inures to the benefit of the whole people at the suit of any taxpaying citizen. So often has this right been exercised in this state in proper cases, to prevent the misuse of corporate powers, that further argument or citation of authorities is deemed wholly unnecessary. We overrule the contention of appellee on this point.

[2] The first proposition asserted by appellant, in challenging the judgment of the trial court, is:

"The creation, or attempted creation, of the office or offices of board of permanent road commissioners of defined road district No. 4 of San Patricio county, composed of three citizens, under the provisions of sections 15, 16, 17 of the special road law for said county, enacted at the First called session of the Thirty-Third Legislature, being chapter 17 of the Local or Special Laws for such session, is void, being directly in contravention of section 56, art. 3. of the Constitution of Texas, providing that the Legislature shall not, except as otherwise provided in the Constitution, pass any local or special law, 'creating offices, or prescribing the powers and duties of officers in counties, towns, election or school districts,' etc."

If that contention be true, then it necessarily follows that all acts of such so-called officers, or persons assuming to hold such office or offices, and to exercise its functions, are null and void, and especially in respect to the assumed judicial acts in auditing and certifying claims against the moneys and funds of the district. It follows, then, in the absence of legal authority for such acts, in the illegal payments of the moneys and funds of the road district, the persons so engaged in the illegal acts may be enjoined, as already shown at the suit of persons and citizens who are taxpayers in the district, whose property is taxed to pay interest on the bonds and to create a sinking fund for the redemption of such bonds at maturity.

Such taxes so levied become a lien upon the real estate of the taxpayer.

The exclusive jurisdiction and control over the county's business is fixed by the Constitution and the law in the commissioner's court of San Patricio county. Section 18, art. 5, of the Constitution of Texas, and article 2241 of the Revised Civil Statutes. The commissioners' court is there clothed and charged with the power and duty to lay out, establish, change, and discontinue the public roads, and "to exercise general control and superintendence over all roads, highways, bridges and ferries in the county." Under section 20 of said special law for San Patricio county, the officers of said defined road district, known as the board of permanent road commissioners for said defined road district, are given "exclusive and entire control, charge and management of all matters pertaining or relating to the laying out and construction of the permanent roads of such subdivision."

Obviously, this, by legislation, has the effect to take from the commissioners' court the powers and duties imposed upon them by the Constitution to handle and exercise jurisdiction over the public roads and permanent roads of the county and all subdivisions thereof. In view of the fact that the identical question has just been decided in an opinion handed down by the Commission of Appeals, Section B, and approved by the Supreme Court, on January 25, 1922, in the case of Commissioners' Court of Limestone County et al. v. Claud Garrett et al., 236 S. W. 970, there is no reason why this court should discuss the law further. The Limestone county special law, "An act to create a more efficient road system for Limestone county, Texas," is very similar to the law in the instant case, and its validity was attacked as here. In concluding the opinion in the Limestone County Case the court said:

" 'But, where it is clear that the legislative act is contrary to the Constitution, no authority for its enactment existed, and it is the duty of the court so to declare. Thereupon the statute vanishes, and the Constitution prevails.' Section 56 of article 3 of the Constitution specifically declares that the Legislature shall not pass any local or special act 'creating offices,' except as otherwise provided in this Constitution. There is no other provision of the Constitution authorizing the passage of an act creating the offices. Therefore the Constitution expressly forbade the passage of such an act in so far as it provides for the creation of a board or boards of perma-

nent road commissioners, and all those provisions are positively contrary to the supreme law of the state, and are therefore void. None of those provisions of the act adopting chapter 2, tit. 18, R. S. 1911, as amended and added to by chapter 203, General Acts 1917, and chapter 18, General Acts Fourth Called Session Thirty-Fifth Legislature, relating to the issuance of bonds in counties, political subdivisions, and defined districts thereof, is affected by this judgment, nor is any bond issue had or to be had under the provisions of the act invalidated by reason of this judgment."

It is the opinion of this court that the trial court erred in denying the relief prayed for. The judgment is therefore reversed, and judgment is here rendered that the writs of injunction be fully granted as prayed for as against C. B. McAnally, M. L. Mahoney, and J. W. Nelson, and that the writ of mandamus issue commanding said commissioners' court, composed of J. C. Houts, county judge, John E. Bushong, Frank C. Vickers, M. F. Baldeschweiler, and N. S. Tunnel, to perform the duties so required and imposed upon them by law.

Reversed and rendered.

### On Motion for Rehearing.

Upon consideration of appellees' motion for rehearing, the same is granted in so far as a writ of mandamus was awarded and overruled as to the injunction. The appellees were acting under what they conceived to be a valid law at the time, and were so advised to act by the Attorney General of this state, and it is not made to appear that the court will not now perform the functions of their office, but we believe they will.

It is apparent that the only matter intended to be presented and actually passed upon by the learned trial judge was as to the validity of the law. We do not believe the ruling of this court should be further extended; besides, it was a hearing only, as we consider it, confined entirely to the validity of the law in question and for a temporary restraining order. Thorne v. Moore, 101 Tex. 205, 105 S. W. 985. The judgment is so reformed as to deny relief under the prayer of the petition for the writ of mandamus to issue. That part of the judgment is recalled, and, as to that, the motion is granted. But that portion in respect to granting the writ of injunction will continue the judgment of this court, and, as to that portion of the judgment, the motion is overruled.