

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

May 20, 1971

Hon. James L. Slider
Chairman
State Affairs Committee
House of Representatives
State Capitol
Austin, Texas

Opinion No. M-866

Re: Constitutionality of
H.B. 56, 62nd Leg.,
R.S. (Environmental
Protection Act of 1971).

Dear Representative Slider:

You request our opinion on the constitutionality of House Bill 56, 62nd Legislature, Regular Session 1971, the Environmental Protection Act of 1971. The companion Bill to it is Senate Bill 145.

In brief, by this bill, the Legislature in Section 2 finds and declares that each person is entitled by right to protect and preserve the air, land, and all natural resources of the state; that it is in the public interest to provide each person with "an adequate remedy" to so protect it "from pollution, impairment, or destruction."

Section 3 directs that the State, and any state agency or any political subdivision authorized to exercise any jurisdiction over or to have any effect upon such resources, shall do so in public trust so as to protect and maintain a quality environment for the citizens.

By Section 4, not only are the Attorney General, and the state agencies and political subdivisions authorized to maintain an action in the district courts of the state "for declaratory and equitable relief" but also any person or other legal entity may do so against the state, the state agencies, and political subdivisions, or any person or other legal entity, for the protection of such resources.

Under the consistent express holdings of our Supreme Court, a statute will not be held unconstitutional unless it is susceptible of no other construction than that it unequivocally and by its clear language plainly excludes the right and power of the constitutional officers named to represent the state in court. Camp v. Gulf Production

-4204-

Company, 122 Tex. 383, 61 S.W.2d 773 (1933); Maud v. Terrell, 109 Tex. 97, 200 S.W. 375 (1918); Staples v. State ex rel King, 112 Tex. 61, 245 S.W. 639 (1922). In this connection, the court will resolve any doubt in favor of constitutionality and presume a constitutional intent in the legislative act, adapting that construction which will uphold the statute. Watts v. Mann, 187 S.W.2d 917 (Tex.Civ.App. 1945, error ref.); State v. Shoppers World, Inc., 380 S.W.2d 107 (Tex.Sup. 1964); 53 Tex.Jur.2d 189, Statutes, Sec. 126. In Watts v. Mann, supra, it was observed that our Constitution is not regarded so much as a grant of power but as a limitation of power, and all power not limited by it inheres in the people. Thus, a legislative act will be valid when the Constitution contains no prohibition against it.

Section 7 of the Bill provides that it is intended to be "supplementary" to existing statutes and administrative and regulatory procedures. Section 10 of the Bill contains the usual severability clause.

The Constitution declares in Article XVI, Section 59, that the preservation, conservation, and development of the natural resources of the state are rights and duties of the "public," and provides in this respect that ". . . the Legislature shall pass all such laws as may be appropriate thereto." With this in mind, may the Legislature validly provide for a new and additional statutory cause of action by which the public, or any member thereof, may exercise their legal responsibilities to preserve the natural resources by abating illegal pollution?

We must presume that the proposed statute, if passed, intended not to take away any constitutional power of the County or District Attorney or Attorney General to represent the "State" in court. No language in the Bill requires an interpretation which would take away the constitutional powers of these officers.

It must be recognized that the authority to represent the State as the sovereign in actions in the courts on behalf of the State in its sovereign capacity to enforce its rights is vested by the constitution exclusively in the state's Attorney General, District, and County Attorney and the legislature is without power to divest that authority or to delegate it to others. Agey v. American Liberty Pipe Line Co., 141 Tex. 379, 172 S.W.2d 972 (1943); and see

Rep. James L. Slider, page 3,                    (M-866)

Attorney General Opinion No. M-856 (1971), wherein only the
state as the sovereign may act in bringing a quo warranto
action, represented by its constitutional officers.  The state
is always a necessary party in such proceedings.  Allen v.
Fisher, 118 Tex. 38, 9 S.W.2d 731 (1928); Staples v. State ex
rel King, supra.  Thus, a private person could not institute an
action in the name of the State where the property right or duty
involved belongs exclusively to the state.  Herndon v. Hayton,
28 S.W.2d 885 (Tex.Civ.App. 1930, error ref.).

On the other hand, representation of the "State" as the
sovereign is not necessarily to be equated in every case with
representation of the rights of the public at large.  Our Texas
courts have settled the law to the effect that the rights of
individual citizens to enforce rights of the public at large by
actions on behalf of the public to enforce public rights by com-
pelling compliance with the laws, are not suits by the State as
the sovereign entity which require either that the State be a
party or that these court actions be prosecuted by any of
the State's attorneys.  These actions take various forms:
mandamus, injunction, prosecution, etc.  They may be for legal
equitable or declaratory relief.  They may be prosecuted for
the enforcement of a public duty without showing any interest
peculiar to the individual plaintiffs as would be necessary to
enforce private rights.  In McLaughlin v. Smith, 140 S.W. 248
(Tex.Civ.App. 1911, error ref.), a mandamus action, the court said:

> ". . . when the question is one of public
> right, and the object of the mandamus is to pro-
> cure the enforcement of a public duty, the people
> ought to be regarded as the real party in interest,
> and that the relator, at whose instigation the
> proceedings are instituted, need not show that he
> has any interest, special and peculiar to himself,
> in the result, and that it is sufficient to show
> that he is a citizen and as such interested in the
> execution of the laws; . . ."  (at p. 251.).

In support of mandamus actions by members of the public at
large see also Willey v. Fennell, 269 S.W.2d 407 (Tex.Civ.
App. 1954, no writ) and Dubose v. Woods, 162 S.W. 3, 5 (Tex.
Civ.App. 1913, no writ).

In the case of Anderson v. Houts, 240 S.W. 647 (Tex.
Civ.App. 1922, no writ) certain citizens of a road district
sued the officers of the district and the county judge and
county commissioners and others, for injunction to restrain

-4206-

the alleged illegal expenditure of the proceeds of the sale
of certain bonds of the district. The court sustained the
right of plaintiffs to maintain the action. On this issue
it said:

> ". . . It has been too many times decided
> that a citizen and taxpayer may institute and
> maintain an action to restrain an officer, state
> or municipal, from performing illegal, unauthorized,
> and unconstitutional acts, to require further dis-
> cussion. . . .
>
> ". . .
>
> ". . . This right does not depend upon . . .
> the situation or locality of the taxpayer. This
> right inures to the benefit of the whole people
> at the suit of any taxpaying citizen. . . ."
> (at p. 649.).

In any event, the proposed Bill can be upheld as
constitutional on still another basis. In 7 American
Jurisprudence 2d 22, Attorney General, Section 17, we find
the following statement:

> ". . . it has been held by most of the
> courts that where the question is one of public
> right, and the object of the mandamus is to pre-
> serve the enforcement of a public duty, a private
> person may, in behalf of the public, and without
> showing any individual or special interest to be
> secured, become a relator, and, through the proper
> state officer, institute the proceeding."

In addition, in certain cases, where there is a clear
mandatory duty to enforce the violation of the law and
discretion is not involved, it is held that

> ". . . where the Attorney General refuses
> to bring or consent to the bringing of a suit to
> protect the rights of the public, a private
> individual may institute a proceeding on his
> relation, in the name of the state."
> 7 A.Jur.2d 17, Attorney General, Sec. 13.

The right of the individual citizen to sue to abate

pollution has already been conferred by Congress in the
Clean Air Amendments of 1970, Public Law 91-604, Section
304, 42 U.S.C.A., Sections 1857, et.seq.  The individual
is there expressly granted standing to sue any polluter,
including the United States and any other governmental
agency without any requirement of showing special or
peculiar injury or damage to himself; and in case of suit
against any administrator, he may bring suit after giving
sixty days notice of the violation, and if uncorrected,
he may base his suit upon failure to perform any act or
duty required by the Clean Air Act.

Our Supreme Court has recognized that the legislature
has the power to grant standing to sue to bring an action
against a public body or a right of review on behalf of
the public without proof of particular or pecuniary damage
to the person suing.  This requirement of the common law
is not written into the Constitution but may be altered
or abolished by the Legislature so as to give standing to
sue a person.  See Article I, V.C.S.; Scott v. Board of
Adjustment, 405 S.W.2d 55, 56 (Tex.Sup. 1966), upholding a
statute authorizing an individual taxpayer standing to sue
for injunction to challenge governmental action without
showing any particular damage; Spence v. Fenchler, 107 Tex.
443, 180 S.W. 597 (1915), upholding a statute authorizing
any citizen the standing to sue to enjoin the operation of
a bawdyhouse.  In accord, Downs v. Schmid, 955 S.W.2d 1041
(Tex.Civ.App. 1936, rev. on other grounds.) and see 7 Am.
Jur.2d 8, Attorney General, Section 7, and authorities cited,
holding that common law duties and powers may be altered by
the Legislature.  Although the above acts involved a public
duty which the County or District Attorney was constitutionally
authorized to discharge for the state in court, the individual
citizen was not precluded from suing and representing himself
as part of the public.  See also National Audubon Society,
Inc. v. Johnson, 317 F.Supp. 1330, 1335 (S.D.Tex. 1970),
stating that while the Society had no standing to sue,
"conservationists should seek a legislative enactment which
would authorize any citizen of the state to bring suit against
any polluter, private or public, to protect water resources."
The Court also cited 48 Texas Law Review 1172, 1174-1177,
wherein it is stated:

"Since the citizens are beneficiaries, it
is only logical that they should be able to force
the state to protect their rights.  Thus when the

state fails to protect navigable waters from pol-
lution, citizens should be able through judicial
action to compel the appropriate state authority
to remedy the problems. When the state itself
causes pollution, the state should be subject to
suit."

Without statutory authorization conferring a right of
a private citizen to sue, when a public right is injured,
only legally empowered authorities may do so. San Antonio
Conservation Society v. City of San Antonio, 250 S.W.2d
259, 263 (Tex.Civ.App. 1952, error ref.); National Audubon
Society, Inc. v. Johnson, supra. When the Legislature
creates a new or additional cause of action, it may con-
stitutionally authorize the Attorney General and others to
prosecute such a cause. Smith v. State, 328 S.W.2d 294
(Tex Sup. 1959).

In many pollution abatement cases under the Bill, the
state may have such a substantial interest that it will be
a necessary party to the maintenance of the action, and the
Attorney General or County or District Attorney, shall
represent the state, such as when the action of state officials
is sought to be controlled, or state actions are attached, or
state land is involved. National Audubon Society, Inc. v.
Johnson, supra, Maud v. Terrell, supra. While the Bill is
silent on the question of procedures and joinder of parties,
the existing procedural statutes and Rules of Civil Pro-
cedure will no doubt control these questions and the courts
will have to decide in each case these matters on the issues
joined and the facts presented. In any event, the citizen
may not sue on behalf of, or as representative of, the state,
for only the County or District Attorney or Attorney General
may represent the state and control its interests in a law
suit in the district court. Allen v. Fisher, 118 Tex. 38,
95 S.W.2d 731 (1928).

In this connection, in suits authorized under the Bill,
unless the State is made a party to the proceeding, it will
not be bound by any judgment rendered in the suit. See
Lee v. Calvert, 356 S.W.2d 840 (Tex.Civ.App. 1962, error
ref., n.r.e.).

There is also another constitutional problem which
arises by reason of the provisions of Section 5(a) of the
Bill, which fails to refer in clear language the basic

ingredients or elements of the causes of action conferred,
nor does the bill specifically tie in with existing air
and water pollution statutes so as to incorporate them by
reference, as hereinbelow enumerated. By the statement in
this section as to the nature of particular conduct, it
could be argued that for a defendant to show his conduct
to be valid he must show that it is reasonably required for
the promotion of the public health, safety and welfare. If
read literally, the net effect of this section may well place
a crushing burden of proof upon a private defendant, possibly
to the extent of a violation of the due process clause of the
Fourteenth Amendment, United States Constitution, and of
Article I, Section 19, Texas Constitution. The absolute
terms used to describe the basis for the cause of action, if
literally applied, may be such as to render the Bill
unconstitutionally vague. However, to uphold its validity,
a court may well interpret the causes of action described
to be those as arising from a violation of those standards
prescribed by law in other statutes when read in pari
materia to this Act, such as the Texas Water Quality Act,
Article 7621-d-1, Vernon's Civil Statutes; Texas Clean Air
Act, Article 4477-5, Vernon's Civil Statutes; Solid Waste
Disposal Act, Article 4477-7, Vernon's Civil Statutes;
Article 698c, Texas Penal Code, on water pollution; Article
698d, Texas Penal Code, on air pollution, etc. We call this
to your attention in connection with our consideration of
possible constitutional defects.

Furthermore, we are concerned with the constitutional
validity of the caption of the Act, which reads:

"An Act relating to suits for declaratory
and equitable relief to protect air, water, and
natural resources and the public trust therein
from pollution, impairment, and destruction;
and declaring an emergency."

The above meagre provisions raise a serious question of
constitutionality as to the caption's legal sufficiency.
Article III, Section 35, Constitution of Texas, requires that
an act contain no subject not expressed within the title.
The purpose of this constitutional requirement is to require
full and fair notice be given of the new substantive features
of the act and to prevent surprise or fraud by means of the
provisions of the bills of which the titles give no intimation
and which might be overlooked and unintentionally adopted. See

Kelly v. Williams, 346 S.W.2d 434 (Tex.Civ.App. 1961, error ref. n.r.e.).

Insofar as it fails to give notice that a new and independent cause of action unknown at common law is provided, conferring standing to sue upon private persons as well as the state, its agencies and political subdivisions, and all others, to enforce the public rights in the preservation of the natural resources of the state, the caption could be held to be constitutionally defective. While there are no cases directly in point as applied to the subject matter, we believe it nevertheless pertinent to call your attention to this possible constitutional defect at this time.

## SUMMARY

House Bill 56 is not unconstitutional insofar as it authorizes private individuals to maintain legal actions on behalf of the public to enforce public rights under the state pollution laws. Such Bill is not unconstitutional in permitting private individuals to sue the state and its agencies and political subdivisions and to aid public officials where the state or its agencies and political subdivisions are joined as a necessary party to represent the state in such action.

Constitutional problems arise from the vagueness of the causes of action intended and not definitely tied to a standard either expressed in the Bill or by reference to other statutes. The caption of the Bill may also be held to be constitutionally defective for failure to give fair notice of the new and independent statutory causes of action created and unknown at common law.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Kerns Taylor
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

W. E. Allen, Acting Chairman

Mary Ellen Keith
Lewis Jones
Malcolm Quick
Malcom Smith

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant