

# The Attorney General of Texas

December 10, 1985

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Patrick H. Simmons
District-County Attorney
Limestone County Courthouse
200 West State Street
Groesbeck, Texas    76642

Opinion No. JM-390

Re: Constitutionality of Senate Bill No. 270, Acts 1947, 50th Leg., ch. 53, at 72, creating a special road district for Limestone County

Dear Mr. Simmons:

You have asked our opinion regarding the constitutionality of certain parts of a local law affecting Limestone County. Acts 1947, 59th Leg., ch. 53, at 72. You have asked about the constitutionality of the following provisions: (1) the prohibition in section 17 on the creation of any indebtedness against the county road and bridge fund; (2) the establishment in section 17 of civil and criminal penalties for members of the Limestone County commissioners court who vote for the creation of any such debt; and (3) the creation of the "office" of county engineer of Limestone County in sections 3 through 17. The provisions you ask about are "local laws" since they apply exclusively to Limestone County. City of Fort Worth v. Bobbitt, 36 S.W.2d 470 (Tex. Comm. App. 1931, opinion adopted).

The Texas Constitution provides that the legislature may not enact any local law regulating the affairs of counties. Tex. Const. art. III, §56. Article III, section 56, also provides that the legislature may not pass any local law "[a]uthorizing the laying out, opening, altering or maintaining of roads, highways, streets or alleys." The latter prohibition, however, was nullified by an 1890 amendment to the Texas Constitution providing that "the Legislature may pass local laws for the maintenance of the public roads and highways, without the local notice required for special or local laws." Tex. Const. art. VIII, §9. See Austin Bros. v. Patton, 288 S.W. 182, 187 (Tex. Comm. App. 1926, judgmt adopted) (refers to the nullifying effect of article VIII, section 9, on article III, section 56). See also Dallas County v. Plowman, 91 S.W. 221 (Tex. 1906) (holding that "maintenance" in article VIII, section 9, includes laying out and construction of roads). Your question is whether the cited provisions of the Limestone County law represent unconstitutional attempts to regulate county affairs or whether they come within the scope of article VIII, section 9, and are therefore constitutional.

The caption to the Limestone County law states that the act
creates "a more efficient road system for Limestone County." Simply
designating a local law a "road law," however, is not enough to insure
its constitutionality. The courts have found unconstitutional certain
local laws that purport to be road laws. See, e.g., Altgelt v.
Gutzeit, 201 S.W. 400 (Tex. 1918); Austin Bros. v. Patton, 288 S.W.
182 (Tex. Comm. App. 1926, judgmt adopted).

The decision in Austin Bros. provides the answer to your first
two questions. In that case the court considered the constitu-
tionality of a local law for Houston County regarding the appropria-
tion and expenditure of funds paid into the road and bridge fund. The
court rejected arguments that the provisions were within the scope of
article VIII, section 9, and held that they were therefore unconstitu-
tional regulations of county affairs. In explaining the scope of
article VIII, section 9, the court wrote:

> The authority to enact special road laws generally
> and without limitation would carry with it the
> right to regulate the affairs of the county in all
> such matters as might be necessarily and appro-
> priately connected with or subsidiary to the
> object of such general power to pass local or
> special road laws. But, as pointed out above, no
> authority to enact local or special road laws
> generally and without limitation is authorized by
> the Constitution. It authorizes the Legislature
> to pass local road laws for a restricted purpose
> -- the maintenance of the public roads and high-
> ways. As shown above, our Supreme Court has held
> that the words, 'the maintenance of public roads,'
> include the laying out, opening, and construction
> of new roads. Therefore the authority conferred
> by the constitutional amendment carries with it
> the right to regulate the affairs of the county
> only in such respects as are necessarily and
> appropriately connected with or incidental and
> subsidiary to the object of such limited power --
> the maintenance, including the laying out, opening
> and construction of public roads. It does not
> authorize the subtraction, by local or special
> laws, of powers from county commissioners and the
> commissioners' court conferred by general laws.
> It does not authorize a change in the financial
> system of counties fixed by general laws. It does
> not authorize the creation of offices and the
> clothing of those officers with functions already
> performed by existing officers as provided for by
> general laws. None of these are incidental or

>necessary to the maintenance, laying out, opening,
>and construction of roads. <u>It merely authorizes
>the application of the financial system and the
>governmental machinery already existing to the
>action authorized thereby.</u> (Emphasis added).

<u>Austin Bros. v. Patton</u>, 288 S.W. at 188.

<u>Austin Bros.</u> makes clear that the legislature may not invoke article VIII, section 9, to withdraw from a particular county a method of financing county affairs that is conferred by general law. For example, counties may issue bonds for the construction, maintenance, and operation of roads. V.T.C.S. art. 6702-1, §4.411(b). <u>See also</u> Tex. Const. art. III, §52. Bonds issued by a county create indebtedness. <u>See</u> <u>White v. Pickett</u>, 355 S.W.2d 848 (Tex. Civ. App. – San Antonio 1962, writ ref'd n.r.e.). Article VIII, section 9, does not authorize local laws that would remove a county's authority to issue road bonds. Thus, to the extent that the general laws permit counties to create indebtedness against their road and bridge funds, a local law taking that power away from a particular county is constitutionally impermissible. Therefore, the prohibition on the creation of indebtedness in the Limestone County law is unconstitutional insofar as it would nullify any authority Limestone County has under the general laws to create indebtedness against the road and bridge found.

It follows, then, that county commissioners cannot be subjected to civil and criminal penalties for voting to do something that they are authorized to do under the general laws. Moreover, we do not perceive how such penalties have any but the most remote connection with the construction and maintenance of roads.

Your third question is whether the creation of the "office" of county engineer of Limestone County is constitutional. In a 1922 case the Commission of Appeals considered a local law enacted in 1919 to "create a more efficient road system for Limestone County." <u>Commissioners Court of Limestone County v. Garrett</u>, 236 S.W. 970 (Tex. Comm. App. 1922, judgmt adopted). That act provided for the election of citizen members to the board of road commissioners in Limestone County and conferred on those members certain sovereign powers. The court held that the law violated the constitutional prohibition against local laws creating offices. 236 S.W. at 973. <u>See</u> Tex. Const. art. III, §56. The court rejected the argument that article VIII, section 9, authorized the law as a local law concerning the maintenance of public roads. 236 S.W. at 975. <u>See also</u> <u>Austin Bros. v. Patton</u>, 288 S.W. at 188; <u>Anderson v. Houts</u>, 240 S.W. 647 (Tex. Civ. App. – San Antonio 1922, no writ).

In a 1952 case, the Dallas Court of Civil Appeals considered the constitutionality of a local law for Dallas County that created the

"office" of county road engineer. <u>Hill v. Sterrett</u>, 252 S.W.2d 766 (Tex. Civ. App. - Dallas 1952, writ ref'd n.r.e). The court concluded that although the law purported to create an office, the county road engineer was in fact only an employee who had no sovereign or discretionary powers and who was under the control of the county commissioners' court. <u>Id.</u> at 769-70. Therefore, the law did not violate the constitutional prohibition against local laws creating offices.

The Limestone County law in issue creates the position and sets out the duties of the Limestone County Engineer. Courts favor the validity of a statute and, if possible, construe a statute so that it is in harmony with the constitution. <u>Commissioners Court of Limestone County v. Garrett</u>, 236 S.W. at 975. Therefore, we think that a court would read this part of the 1950 Limestone County statute to be constitutional. <u>See</u> Attorney General Opinion V-1315 (1951) (regarding the severability of a local law).

## S U M M A R Y

The provisions of Acts 1947, Fiftieth Legislature, chapter 53, at page 72, that prohibit the creating of indebtedness against the county road and bridge fund of Limestone County and create civil and criminal penalties for members of the Limestone County Commissioners Court who vote to create such indebtedness are constitutionally impermissible local laws insofar as they subtract from powers granted by the general laws. Acts 1947, 50th Leg., ch. 53, at 72.

The provisions of the Limestone County law that establish the position of Limestone County Engineer provide for an employee who is under the supervision and control of the county commissioners court. Therefore, those provisions are constitutional.

Very truly yours

JIM   MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

ROBERT GRAY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Sarah Woelk
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Colin Carl
Susan Garrison
Jim Moellinger
Jennifer Riggs
Sarah Woelk
Bruce Youngblood