**J. W. AIKIN, Jr., et al., Petitioners,**

v.

**FRANKLIN COUNTY WATER DISTRICT et al., Respondents.**

**No. B–512.**

Supreme Court of Texas.

Oct. 2, 1968.

in the 62nd Judicial District Court of Franklin County, seeking a writ of mandamus to require the Franklin County Water District, its officers and directors, who are respondents here, to order and hold an election in accordance with Articles 7880–147c1 to 7880–147c6,[1] inclusive, to determine whether the district shall be abolished. After a trial before the court, judgment was entered denying the writ of mandamus. The Court of Civil Appeals affirmed and ordered that its opinion not be published. Rule 452, Texas Rules of Civil Procedure.

The trial court and the Court of Civil Appeals held that Articles 7880–147c1 to 7880–147c6, inclusive, do not apply to the Franklin District. We agree with this conclusion, and the judgment of the Court of Civil Appeals is accordingly affirmed. The key statute is Article 7880–147c1, which provides, in part, as follows:

"All Water Control and Improvement Districts organized or operating under the provisions of Chapter 25 of the General Laws passed by the 39th Legislature at its Regular Session, as amended, situated entirely within counties having a population of less than eleven thousand (11,000), according to the last preceding United States census, may be abolished by a majority vote of the taxpaying qualified voters residing in such district at an election held for the purpose of determining whether or not such district shall be abolished."

This statute by its terms applies only to water control and improvement districts organized or operating under the provisions of Chapter 25 of the General Laws passed by the 39th Legislature at its Regular Session, as amended. The Franklin District was not organized under the provisions of Chapter 25, as amended, but was created by the Legislature in 1965. Acts 1965, 59th Leg., p. 1668, ch. 719, codified as Article 8280–341. Its bound-

---

Blades, Crain, Slator, Winters & Ross, J. M. Slator, III, Houston, for petitioners.

Woodrow Edwards, Mount Vernon, Clark, Thomas, Harris, Denius & Winters, Mary Joe Carroll, Austin, for respondents.

WALKER, Justice.

Petitioners, who own land in the Franklin County Water District, filed this suit

---

1. Except as otherwise indicated, all statutes are referred to by the article number under which they appear in Vernon's Ann.Tex.Civ.Stat.

aries are the same as those of Franklin County, and the population of the county according to the last census was 5,101. A petition for an election to determine whether the district shall be abolished was duly filed with its board of directors. We assume for the purpose of this opinion that the petition is in proper form and was signed by the required number of landowners. All prerequisites to the calling of the election have thus been satisfied provided the district is operating under the provisions of Chapter 25, as amended, within the meaning of the abolition statute. The petition was denied by the board on the ground that it had no authority to call such an election.

Chapter 25 as adopted in 1925 was a comprehensive statute governing the organization and operation of water control and improvement districts. The original act and the first group of amendments thereto contained no provision for the abolition of a district. They provided, however, for the creation of districts by the commissioners' court or by the State Board of Water Engineers on petition. Authority was also granted for any water improvement district, levee improvement district, irrigation district or other conservation and reclamation district to be converted into a water control and improvement district and thereafter be governed by Chapter 25, as amended. It was further provided that the act would apply to and affect only districts organized thereunder or specifically adopting its provisions. See Acts 1925, 39th Leg., p. 86, ch. 25, and particularly §§ 10–19 inclusive, 21, 140, and 143; Acts 1927, 40th Leg., 1st C.S., p. 496, ch. 107, and particularly §§ 4 and 23.

The first abolition statute was adopted in 1929 and applied only to water control and improvement districts organized under the provisions of Chapter 25 and situated in counties having a population of not less than 10,000 or more than 10,050. Acts 1929, 41st Leg., p. 204, ch. 87. It was amended in 1957 and made applicable to districts organized or operating under Chapter 25 and situated entirely within counties having a population of less than 11,000, according to the last preceding census. The statute as thus amended is Article 7880–147c1, which is quoted, in part, above. Petitioners attack the 1957 amendment on various constitutional grounds, but we do not reach any of these questions.

In Newton County Water Supply District v. Bean, Tex.Civ.App., 320 S.W.2d 158 (wr. ref. n. r. e.), it was held that Articles 7880–147c1 to 7880–147c6, inclusive, are applicable to the Newton County Water Supply District, which was created by the Legislature in 1955. Acts 1955, 54th Leg., p. 910, ch. 359, codified as Article 8280–174. The act creating the Newton District is relatively brief and provides that:

> "The district shall have and exercise, and is hereby vested with, all the rights, powers, privileges, authority *and duties* conferred and *imposed* by the General Laws of this State now in force or hereafter enacted, applicable to water control and improvement districts created under authority of Section 59, Article XVI, of the Constitution, but to the extent that the provisions of any such General Laws may be in conflict or inconsistent with the provisions of this Act, the provisions of this Act shall prevail. *All such General Laws are hereby adopted and incorporated by reference with the same effect as if incorporated in full in this Act.*" [2]

This statute deals specifically with the organization and operation of the Newton District only in the following respects: (1) the qualifications of directors and the manner of appointment of the first board are prescribed, with succeeding directors to be selected and vacancies filled as provided by general law; (2) provision is made for the ad valorem plan of taxation to be used, and the district is exempted from the requirements of the general law for a

---

2. Emphasis throughout the opinion is supplied.

confirmation election and hearings on the exclusion of land and the adoption of a plan of taxation; (3) it is provided that in the event the district requires the relocation or change in construction of a railroad, the cost shall be borne by the district; and (4) the district is authorized to enter into agreements with the Sabine River Authority and other political subdivisions, and to acquire and operate, either separately or in conjunction with one or more of such agencies, projects and facilities for the distribution of water to users within its boundaries. It is clear then that the district was to be governed by the provisions of Chapter 25, as amended, except in a few relatively minor particulars. In these circumstances and when the general law was expressly adopted and incorporated by reference, we are satisfied that the Legislature intended for the district to be subject to the abolition statutes.

The act creating the Franklin District is quite different. It is approximately nine times as long as the one which created the Newton District. The manner in which the directors shall be elected is spelled out in detail rather than by reference to the general law. Other provisions deal specifically with the powers of the district, the selection of officers, meetings and records of the Board, awarding of construction or purchase contracts, issuance of bonds and refunding bonds, securing of bonds by trust indentures, bond elections, approval of bonds by the Attorney General, taxes and tax elections, eligibility of bonds for investments and to secure deposits, and the exemption of the district and its bonds from taxation. The district was not expressly subjected to all the duties imposed upon water control and improvement districts by general law, and the general law was not adopted or incorporated in the broad language found in the statute creating the Newton District. The Legislature provided instead that:

"The District herein created shall have and possess and is hereby vested with all the rights, powers and privileges con-ferred by the General Laws of this State now in force and effect or hereafter enacted applicable to water control and improvement districts created under the authority of Article XVI, Section 59, of the Texas Constitution, but to the extent that said General Laws may be inconsistent or in conflict herewith, the provisions of this Act shall prevail. It is further the intention of the Legislature that the District herein created shall have all the power and authority necessary to fully qualify and gain the benefits of any and all laws which are in any wise helpful in carrying out the purposes for which the District is created and the provisions of all such laws of which the District may lawfully avail itself and hereby adopted by this reference and made applicable to the District."

The difference in the statutes creating the two districts is even more significant in view of the fact that the Legislature evidently had actual knowledge of controversy leading to the decision in *Bean*. Article 8280–174 was amended in 1959 to provide that Article 7880–147c6 should not apply to any election in the Newton District and that in the event an abolition election was held in such district no election involving the same subject matter could be held within three years thereafter. Acts 1959, 56th Leg., p. 264, ch. 153. From a consideration of the relevant statutes and their history, it is our opinion that the Franklin District is not operating under the provisions of Chapter 25, as amended, within the meaning of Article 7880–147c1. It operates under Article 8280–341 but with all the rights, powers and privileges conferred upon water control and improvement districts by general law and may avail itself of any law which is helpful in carrying out the purposes for which it was created.

We agree with the Court of Civil Appeals that Articles 7880–147c1 to 7880–147c6, inclusive, are not applicable to the Franklin District. If there were any doubt in that respect, it would be dispelled by the pro-

visions of an act adopted by the Legislature in 1967. Acts 1967, 60th Leg., p. 734, ch. 308. This act validates all official actions, proceedings and approved bonds of the Franklin District which are not involved in litigation on the effective date of the act, and further provides that:

"Such district is found and declared to be performing public rights and duties for which created, is a fully organized and functioning conservation and reclamation district under the provisions of Section 59 of Article XVI of the Texas Constitution and *shall continue as such subject only to further acts of the Legislature."*

The judgment of the Court of Civil Appeals is affirmed.

GRIFFIN, J., notes his dissent.