

# THE ATTORNEY GENERAL
## OF TEXAS

January 19, 1987

JIM MATTOX
ATTORNEY GENERAL

Honorable Carlos Valdez                    Opinion No. JM-622
Nueces County Attorney
901 Leopard, Room 206                      Re: Abolition of Nueces County
Corpus Christi, Texas   78401              Water Control District No. 4

Dear Mr. Valdez:

You have asked which statute, if any, will control the abolition of Nueces County Water Control and Improvement District No. 4 if the unannexed portion of it is annexed by the city of Corpus Christi. You explain that the district was created in 1952 pursuant to article XVI, section 59, of the Texas Constitution [the conservation amendment] and chapter 51 of the Texas Water Code. At that time the district embraced territory in the cities of Aransas Pass and Port Aransas, and it also embraced some unincorporated territory.

You advise that, at the present time, a portion of the district also lies within the city of Corpus Christi, which wishes to annex the part of the district that remains in an unincorporated area. See V.T.C.S. art. 970a [Municipal Annexation Act]. Both Aransas Pass and Port Aransas, are located within the extraterritorial jurisdiction of Corpus Christi, a larger city.

Your specific questions are:

> 1. In light of the fact that this district has not provided and is not providing drainage services, will the provisions of article 1182c-5, section 2A(1), V.T.C.S., apply to this district, at the time all of the district lies wholly within more than one city?

> 2. If the above article does not apply at the time all of the district lies wholly within more than one city, what article or statute will apply in such situation?

Your questions are premised on Corpus Christi's annexing the portion of the district which currently lies in unincorporated territory. After this event, no part of the district will be outside of an incorporated city.

Article 1182c-5, V.T.C.S., was originally enacted in 1959 to deal with the distribution of power and responsibility when two or more cities have within their limits part of the territory of a water control and improvement or supply district. Section 2 of the statute provided that such districts could be abolished "by mutual agreement between the district and the cities wherein such district lies." Acts 1959, 56th Leg., ch. 228, §2, at 515. The provision about which you inquire was added in 1971. It makes the abolition of certain districts automatic:

> Sec. 2A(1). Notwithstanding any other provision of the law or this Act, any conservation and reclamation district created or existing pursuant to article XVI, section 59 of the Constitution of Texas which lies wholly within more than one city, and which, on April 1, 1971, did not lie wholly within more than one city, and which, on said date, was not a party to a contract providing for a federal grant for research and development pursuant to title 33, sections 1155(a)(2) and 1155(d) of the United States Code, as amended, and which has provided or is providing fresh water supply, sanitary sewer and drainage services shall be abolished ninety (90) days after the inclusion of all of the territory of said district within said cities, and the physical assets, properties and facilities of the district shall be distributed to said cities and its intangible assets, bonded indebtedness, liabilities, obligations and other debts assumed by said cities in the following manner. . . . (Emphasis added).

See Acts 1971, 62nd Leg., ch. 228, at 1076.

You point out that Nueces County Water Control and Improvement District No. 4 has never provided drainage services as part of its operations. Therefore, you suggest, it does not come strictly within section 2A of article 1182c-5, which purports to apply only to a district "which has provided or is providing fresh water supply, sanitary sewer and drainage services."

We agree. By its terms, section 2A applies only to districts that provide, or have provided, all three services, and that is the construction we give it. Cf. Aikin v. Franklin County Water District, 432 S.W.2d 520 (Tex. 1968); see 53 Tex. Jur. 2d Statutes §130 (1964). In our opinion, section 2A of article 1182c-5 will not operate to automatically abolish the district if the city of Corpus Christi annexes those portions of it not already located within an incorporated area.

Certain cities having a population in excess of 275,000 may unilaterally force the abolition of a water control district, but none of the three cities here meet that population criterion. See V.T.C.S. art. 1110d, §9. In our opinion, section 2, not section 2A, of article 1182c-5, V.T.C.S., controls the manner in which Nueces County Water Control and Improvement District No. 4 may be abolished subsequent to the annexation of the remainder of district territory not now within an incorporated area.

Section 2(a) of article 1182c-5 specifies that when, by annexation or original incorporation, the entire territory comprising a water control and improvement district or a fresh water supply district -- organized for the primary purpose of providing such municipal functions as the supply of fresh water for domestic or commercial uses, or the furnishing of sanitary sewer service -- lies wholly within two or more cities,[1] then "[s]uch district may be abolished by mutual agreement between the district and cities wherein such district lies." The section provides, in that event, for the distribution of the district's assets and the prorata assumption of its liabilities, subject to operation of the system through a board of trustees until certain of its liabilities are discharged. The district can be abolished in similar fashion even if it is not annexed. See V.T.C.S. art. 1182c-5, §2(b).

In response to your questions, we advise that at present the provisions of section 2A(1) of article 1182c-5, V.T.C.S., would not apply to Nueces County Water Control and Improvement District No. 4 were it to be annexed by the city of Corpus Christi, but that section 2(a) of that statute would apply.[2]

S U M M A R Y

At present, annexation by the city of Corpus Christi of the unannexed portion of Nueces Water

---

1. See V.T.C.S. art. 1182c-5, §1(a).

---

2. It is unnecessary to discuss section 11 of article 970a, V.T.C.S., the Municipal Annexation Act, which places restrictions on the annexation of certain water districts, because the restrictions do not apply to a district wholly or partly within the extraterritorial jurisdiction of more than one city. Id. §11, subdiv. B.

Control and Improvement District No. 4 will not make applicable the automatic abolition features of section 2A(1) of article 1182c-5, V.T.C.S. Abolition of the district will be controlled by section 2(a) of the statute.

Very truly yours,

JIM MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Bruce Youngblood
Assistant Attorney General