

# Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

October 27, 1993

Honorable Jose R. Rodriguez
El Paso County Attorney
500 East San Antonio, Room 203
El Paso, Texas 79901

Opinion No. DM-269

Re: Term of office of directors of the El Paso County Water Control and Improvement District (Westway), and related questions (RQ-479)

Dear Mr. Rodriguez:

Your inquiry concerns the term of office for the directors of the El Paso Water Control and Improvement District ("Westway"), and related issues. As background, you state that

> Westway was created on May 24, 1961, pursuant to Constitution, Article XVI, § 59, by legislative act (formerly Art. 8280-250, V.T.C.S., but since repealed and not carried into the Water Code), General and Special Laws of Texas, 1961, chapter 210. The legislature subsequently passed an act ratifying, confirming and validating Westway effective February 16, 1962. (General and Special Laws of Texas, 1962, 3rd Called Session, Chapter 67).

Based upon your understanding of these statements, you ask for clarification of the proper election date and term of office for the directors of Westway.

A careful review of the legislation upon which you base your inquiry reveals that the original enabling act for Westway is still operative. The legislation creating the El Paso County Water Control and Improvement District -- Westway, became effective May 24, 1961. Section one of the act provides the following:

> Under and pursuant to the provisions of Article 16, Section 59, of the Constitution of Texas, a conservation and reclamation district is hereby created and established in El Paso County, Texas, to be known as 'El Paso County . . .' which shall be a governmental agency and a body politic and corporate.

Acts 1961, ch. 210, § 1, at 431. The act of February 16, 1962, did not repeal the enabling act; rather, it declared that Westway was "in all things ratified, confirmed, and validated and is . . . validly existing . . . ." Acts 1962, 57th Leg., 3d C.S., ch. 67, § 1, at 181. Furthermore, the Water Code recognizes these districts, provides for their continued operation under special acts, and expressly exempts them from the operation of the code.

The legislative intent of section 1.001(d) of the Water Code is clear from a plain reading of the provision which states "[t]he legislature believes that persons interested in these local and special laws may rely on the session laws and on compilations of these laws." Water Code § 1.001(d); *Aikin v. Franklin County Water Dist.*, 432 S.W.2d 520 (Tex. 1968); *see also* Water Code Aux. Laws (Vernon 1993).

Section 6 of the act creating Westway states that the district shall be governed by a board of five directors elected for staggered two year terms and that "[a]n election for the election of Directors shall be held on the second Tuesday in January of each year beginning in 1962, and as herein provided." *See* Acts 1961, ch. 210, § 6, at 435. You suggest that this provision goes against "the grain of strong public policy . . . as reflected in Article XVI, Section 64 of the Texas Constitution."[1] In Attorney General Opinion WW-1110A (1962), this office considered the arguments in favor of four year terms with uniform election dates for school trustees. It was concluded that while school trustees have been considered county officials for some purposes, they are not for purposes of section 64. *Id.* at 5-6. You suggest that Attorney General Opinion WW-1110A should be reconsidered and that section 64 should be held to apply to "all district, precinct, and county elected officials, to include the directors of Westway." We support the conclusion reached in Attorney General Opinion WW-1110A.

We note that the Water Code was amended by Acts 1983, 68th Leg., ch. 951, § 1, at 5212 to change the term of office for the directors of certain general law districts from two to four years, effective January 1, 1984. However, section four of the act creating Westway provides

> The District shall have and exercise, and is hereby vested with all of the rights, powers, privileges, authority and duties conferred and imposed by the General Laws of this state now in force or hereafter enacted, applicable to water control and improvement districts created under authority of Section 59, Article XVI, of the Constitution, *but to the extent that the provisions of any such*

---

[1] Section 64 of article XVI of the Texas Constitution provides:

> The office of Inspector of Hides and Animals, the elective district, county and precinct offices which have heretofore had terms of two years, shall hereafter have terms of four years; and the holders of such offices shall serve until their successors are qualified.

The interpretive commentary following section 64 provides some of the arguments in favor of and against a four year term of office. Opponents of the measure argued that shorter terms kept officials "closer to the pulse of the public" and fostered an awareness of the responsibilities of public office. Supporters of the four year term argued that a longer term would provide a more efficient local government by enabling local elected officials the opportunity to perform their duties without the excessive political pressures inherent in a shorter term of office.

*General Laws may be in conflict or inconsistent with the provisions of this Act, the provisions of this Act shall prevail.*

Acts 1961, 57th Leg., ch. 210, § 4, at 435 (emphasis added). Therefore, the aforementioned amendments to the Water Code are not controlling. Accordingly, we conclude that the term of office for the directors of Westway is two years.

However, the date of Westway's director elections--which its 1961 act sets as the second Tuesday in January--is now governed by chapter 41 of the Election Code. *See* Elec. Code § 1.002(b) (code supersedes conflicting statue). Section 41.001 requires, with exceptions not applicable here, that all elections be held on one of four uniform dates: the third Saturday in January, the first Saturday in May, the second Saturday in August, or the first Tuesday after the first Monday in November. (Section 41.003, however precludes Westway's use of the November date on an annual basis.)[2] Section 41.005 provides that if, as in the case of Westway, a law outside the Election Code specifies a non-uniform date for a political subdivision's elections, the governing body "shall set the election date to comply with" the Election Code provisions, and adjust terms of office accordingly.

You ask finally, in the event Westway has been improperly electing its directors, "what is the legal status of the district and its directors and the legal status of the actions taken by the board of directors who have been serving for four year terms?" We have already concluded that only two years, rather than four, is the proper term of Westway directors, but also that Westway should be holding its elections on a uniform date prescribed by the Election Code rather than on the second Tuesday in January. Election Code section 41.008 indicates that elections held on improper dates are void.

We note that the 1961 special act creating Westway provides:

> The yearly elections shall be ordered by the Board of Directors. Failure to call an election for Directors will in no way affect the legal status of the District or the Board of Directors or the individual Directors or the right of said Board of Directors to act or function and the Directors shall serve until an election is held under the provisions of this law and the succeeding Directors have been duly elected or appointed and have duly qualified.

Acts 1961, 57th Leg., ch. 210, § 6, at 435.

It may be that the above-quoted provisions of the 1961 special act only echo the "holdover" provision of article XVI, section 17 of the Texas Constitution, that "[a]ll officers within this State shall continue to perform the duties of their offices until their

---

[2]Section 41.003 of the Election Code only authorizes November elections held in even-numbered years for certain purposes.

successors shall be duly qualified." The special act provisions' scope appears to be limited to situations where the directors it authorizes to continue to serve until their successors properly take office have themselves properly taken office to begin with. In Westway's case there has apparently been a succession of directors elected on improper dates and/or for improper terms. While you indicate that Westway went over to four year terms only in response to the above-mentioned 1983 Water Code amendments, we note that the election laws' uniform date requirements date back to 1975 legislation effective January 1, 1976. *See* Acts 1975, 64th Leg., ch. 715, at 2295.

Under the circumstances, Westway may be able to look to the doctrine regarding de facto officers, which generally validates acts of persons exercising official duties in good faith although they did not properly hold office as a matter of law. *See, e.g., Plains Common Consol. Sch. Dist. No. 1 of Yoakum County v. Hayhurst*, 122 S.W.2d 322 (Tex. Civ. App.--Amarillo 1939, no writ); *Anderson v. State*, 195 S.W.2d 368 (Tex. Crim. App. 1946). However, whether the de facto officer doctrine would effectively validate particular acts of past or present directors who did not properly take office would, we think, ultimately depend on the underlying facts of the case. We are unable to make such fact findings in the opinion process. It may be that in order to resolve these issues, Westway will want to seek further validating legislation from the legislature.[3]

## S U M M A R Y

The term of directors of the El Paso Water Control District (Westway) is two years. The district's board of directors should select a uniform election date under chapter 41 of the Election Code for the district's director elections. The extent to which acts of improperly elected directors are nevertheless valid involves fact questions which cannot be resolved in the opinion process.

Very truly yours,

DAN MORALES
Attorney General of Texas

---

[3]You do not raise nor do we address any issues concerning application of the Voting Rights Act. *See* 42 U.S.C. § 1973.

WILL PRYOR
First Assistant Attorney General

MARY KELLER
Deputy Attorney General for Litigation

RENEA HICKS
State Solicitor

MADELEINE B. JOHNSON
Chair, Opinion Committee

Prepared by Toya C. Cook
Assistant Attorney General